T.C. Memo. 2003-278


UNITED STATES TAX COURT


MICHAEL W. BETHEA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 7957-02L.          Filed September 24, 2003.


Michael W. Bethea, pro se.

<u>Linda J. Wise</u> and <u>Robert W. West</u>, for respondent.


MEMORANDUM OPINION


WHERRY, <u>Judge</u>:  This case is before the Court on
respondent's motion for summary judgment pursuant to Rule 121 and
to impose a penalty under section 6673.  The instant proceeding
arises from a petition for judicial review filed in response to a
Notice of Determination Concerning Collection Actions(s) Under

Section 6320 and/or 6330.[1]  The issues for decision are:

(1) Whether respondent may proceed with collection action as so

determined, and (2) whether the Court should impose a penalty

under section 6673.

## Background

Petitioner filed a Form 1040, U.S. Individual Income Tax

Return, for the 1997 taxable year.  On the return, petitioner

reported $9,254 of wage income, as reflected in an attached Form

W-2, Wage and Tax Statement.  He then entered "0" on all other

lines of the return with the exception of showing $902.11 in

Federal income tax withheld, $18,850 in 1997 estimated tax

payments, and a corresponding $19,752.11 as the total payments,

amount overpaid, and amount to be refunded to him.  Petitioner

also enclosed with the 1997 return a typed statement challenging

his duty to file returns and to pay tax.

Respondent computed petitioner's tax liability on the basis

of the Form W-2 income and assessed the resultant $476.[2]

---

[1] Unless otherwise indicated, section references are to the
Internal Revenue Code, as amended, and Rule references are to the
Tax Court Rules of Practice and Procedure.

[2] Given that petitioner's return reported his wages and
attached the supporting Form W-2 but showed zero in tax,
respondent apparently calculated and assessed the tax pursuant to
sec. 6213(b)(1) as arising from a mathematical or clerical error.
The record does not reflect that petitioner ever requested an
abatement of this assessment, see sec. 6213(b)(2), or otherwise
disputed the assessment either before the Office of Appeals or in
the instant judicial proceeding.  Accordingly, the propriety of
(continued...)

Respondent then applied the reported $19,752.11 in estimated tax

and withholding credits as follows:

| | |
|---|---|
| 1997 income tax liability | $476.00 |
| Credited to unpaid balance on 1988 income tax | 8,564.17 |
| Credited to unpaid balance on 1989 income tax | 7,417.17 |
| Refunded to petitioner | 3,294.77 |

Thereafter, on November 19, 1999, respondent issued to

petitioner a notice of deficiency for the 1997 year.  The notice

reflected a deficiency of $23,909, stemming from $65,245 in

unreported income shown on Forms 1099, and an accuracy-related

penalty under section 6662(a) of $4,782.  In response, petitioner

mailed to respondent a letter dated January 28, 2000,

acknowledging his right to file a petition with the Tax Court but

stating, among other things:  "Before I file, pay, or do anything

with respect to this 'Notices' I must first establish whether or

not it was sent pursuant to law, whether [sic] not is [sic] has

the 'force and effect or [sic] law,' and whether (GWEN A. KRAUSS)

Director of the IRS Service Center had any authority to send me

the Notice in the first place."

Petitioner did not file with the Court a petition contesting

the deficiency notice.  On April 17, 2000, respondent assessed

the $23,909 deficiency and the $4,782 penalty, as well as

$4,920.09 of interest, and sent to petitioner a notice of the

_____

[2](...continued)
the $476 assessment is not before us.  We therefore construe
petitioner's arguments as pertaining solely to the subsequent
assessment discussed hereafter.

balance due.  An additional notice of balance due was sent on May 22, 2000.

On July 29, 2000, respondent issued to petitioner a Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing with respect to the unpaid liabilities for 1997. Petitioner returned to respondent a completed and signed Form 12153, Request for a Collection Due Process Hearing, with an attachment in which he disputed, among other things, his receipt and/or the validity of the underlying tax liability, the notice of deficiency, the assessment, and the notice and demand for payment.

A hearing was conducted on March 19, 2002.  Both prior to and at the hearing, petitioner was provided with copies of Form 4340, Certificate of Assessments, Payments, and Other Specified Matters.  Petitioner's arguments at the hearing challenged the collection action on grounds of liability, claiming a lack of authority on the part of the Internal Revenue Service to assess and collect the tax.  Following the hearing, on March 29, 2002, respondent issued to petitioner the Notice of Determination Concerning Collection Actions(s) Under Section 6320 and/or 6330 sustaining the proposed levy.

Petitioner's petition disputing respondent's notice of determination was filed on April 29, 2002, and reflected an address in Fort Walton Beach, Florida.  The petition raises

contentions regarding: (1) The underlying tax liability and, more specifically, the validity of the notice of deficiency and authority of the issuing agent; (2) the validity of the assessment; (3) petitioner's receipt of a statutory notice and demand for payment; and (4) the requisite "verification from the Secretary that the requirements of any applicable law or administrative procedure have been met". Respondent prepared and filed an answer to the petition and subsequently filed the subject motion for summary judgment and to impose a section 6673 penalty.

### Discussion

Rule 121(a) allows a party to move "for a summary adjudication in the moving party's favor upon all or any part of the legal issues in controversy." Rule 121(b) directs that a decision on such a motion shall be rendered "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law."

The moving party bears the burden of demonstrating that no genuine issue of material fact exists and that he or she is entitled to judgment as a matter of law. Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). Facts are viewed in the light most favorable to the

nonmoving party.  <u>Id.</u>  However, where a motion for summary judgment has been properly made and supported by the moving party, the opposing party may not rest upon mere allegations or denials contained in that party's pleadings but must by affidavits or otherwise set forth specific facts showing that there is a genuine issue for trial.  Rule 121(d).  The Court has considered the pleadings and other materials in the record and concludes that there is no genuine justiciable issue of material fact in this case.

## I.  Collection Action

Section 6331(a) authorizes the Commissioner to levy upon all property and rights to property of a taxpayer where there exists a failure to pay any tax liability within 10 days after notice and demand for payment.  Sections 6331(d) and 6330 then set forth procedures generally applicable to afford protections for taxpayers in such levy situations.  Section 6331(d) establishes the requirement that a person be provided with at least 30 days' prior written notice of the Commissioner's intent to levy before collection may proceed.  Section 6331(d) also indicates that this notification should include a statement of available administrative appeals.  Section 6330(a) expands in several respects upon the premise of section 6331(d), forbidding collection by levy until the taxpayer has received notice of the opportunity for administrative review of the matter in the form

of an Appeals Office hearing.  Section 6330(b) grants a taxpayer

who so requests the right to a fair hearing before an impartial

Appeals officer.

Section 6330(c) addresses the matters to be considered at

the hearing:

> SEC. 6330(c).  Matters Considered at Hearing.--In the case of any hearing conducted under this section--
>
> > (1) Requirement of investigation.--The appeals officer shall at the hearing obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met.
> >
> > (2) Issues at hearing.--
> >
> > > (A) In general.--The person may raise at the hearing any relevant issue relating to the unpaid tax or the proposed levy, including--
> > >
> > > > (i) appropriate spousal defenses;
> > > >
> > > > (ii) challenges to the appropriateness of collection actions; and
> > > >
> > > > (iii) offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise.
> > >
> > > (B) Underlying liability.--The person may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability.

Once the Appeals officer has issued a determination regarding the disputed collection action, section 6330(d) allows the taxpayer to seek judicial review in the Tax Court or a District Court.  In considering whether taxpayers are entitled to any relief from the Commissioner's determination, this Court has established the following standard of review:

> where the validity of the underlying tax liability is properly at issue, the Court will review the matter on a de novo basis.  However, where the validity of the underlying tax liability is not properly at issue, the Court will review the Commissioner's administrative determination for abuse of discretion. [Sego v. Commissioner, 114 T.C. 604, 610 (2000).]

A.  Review of Underlying Liability

Petitioner apparently seeks to challenge in this case the existence of his underlying liability on grounds that the notice of deficiency he received was invalid due to lack of a delegation of authority from the Secretary to the Director of the Service Center who issued the notice.  This contention, however is without merit.  As this Court has explained:

> The Secretary or his delegate may issue notices of deficiency.  Secs. 6212(a), 7701(a)(11)(B) and (12)(A)(i).  The Secretary's authority to issue notices of deficiency was delegated to the District Director and also to the Director of the Service Center * * *. * * * secs. 301.6212-1(a), 301.7701-9(b), Proced. & Admin. Regs. * * * [Nestor v. Commissioner, 118 T.C. 162, 165 (2002).]

Accordingly, because petitioner received a valid notice of deficiency and did not timely petition for redetermination, he is

precluded under section 6330(c)(2)(B) from disputing his underlying tax liability in this proceeding.

B. Review for Abuse of Discretion

Petitioner also makes various arguments relating to aspects of the assessment and collection procedures that we review for abuse of discretion. Petitioner claims that no valid assessment supports the proposed levy and asserts that he should have been provided with a copy of Form 23C, Summary Record of Assessment, and with proof of the "filed return" from which the assessment emanated. Again, these arguments have been repudiated.

Federal tax assessments are formally recorded on a record of assessment in accordance with section 6203. Upon request, the Secretary is directed to furnish to the taxpayer a copy of pertinent parts of the record of assessment setting forth the taxpayer's name, the date of assessment, the character of the liability assessed, the taxable period, if applicable, and the amounts assessed. Id.; sec. 301.6203-1, Proced. & Admin. Regs. A Form 4340 constitutes presumptive evidence that a tax has been validly assessed pursuant to section 6203. Davis v. Commissioner, 115 T.C. 35, 40 (2000) (and cases cited threat).

Absent a showing by the taxpayer of some irregularity in the assessment procedure that would raise a question about the validity of the assessments, a Form 4340 reflecting that tax liabilities were assessed and remain unpaid is sufficient to

support collection action under section 6330.  Id. at 40-41.  Nor is the Commissioner required to use Form 23C in making an assessment.  Roberts v. Commissioner, 118 T.C. 365, 369-371 (2002), affd. 329 F.3d 1224 (11th Cir. 2003).  Furthermore, a taxpayer receiving a copy of Form 4340 has been provided with all the documentation to which he or she is entitled under section 6203 and section 301.6203-1, Proced. & Admin. Regs.  Roberts v. Commissioner, supra at 370 n.7.

Here, petitioner has cited no irregularities that would cast doubt on the information recorded in the Form 4340, and he was furnished with copies of this document both prior to and at the hearing.  Additionally, arguments substantially identical to his statements concerning "filed returns" have been summarily rejected.  See, e.g., Fink v. Commissioner, T.C. Memo. 2003-61.  We conclude that petitioner's complaints regarding the assessment are meritless.

Petitioner also alleges not to have received the notice and demand for payment that section 6303(a) establishes should be given within 60 days of the making of an assessment.  However, a notice of balance due constitutes a notice and demand for payment within the meaning of section 6303(a).  Craig v. Commissioner, 119 T.C. 252, 262-263 (2002).  The Form 4340 indicates that petitioner was sent at least two such notices of balance due, on April 17 and May 22, 2000.

Finally, petitioner advances several contentions phrased in terms of the prescribed verification that the requirements of any applicable law or administrative procedure were met. These claims are to a certain degree interrelated with his arguments couched in terms of the assessment. To the extent that there exists a different emphasis, suffice it to say that section 6330(c)(1) mandates neither that the Appeals officer rely on a particular document in satisfying the verification requirement nor that the Appeals officer actually give the taxpayer a copy of the verification upon which he or she relied. Craig v. Commissioner, supra at 262; Nestor v. Commissioner, supra at 166. Moreover, we have specifically held that it is not an abuse of discretion for an Appeals officer to rely on Form 4340 to comply with section 6330(c)(1). Nestor v. Commissioner, supra at 166; Davis v. Commissioner, supra at 41.

Thus, with respect to those issues enumerated in section 6330(c)(2)(A) and subject to review in collection proceedings for abuse of discretion, petitioner has not raised any spousal defenses, valid challenges to the appropriateness of the collection action, or collection alternatives. As this Court has noted in earlier cases, Rule 331(b)(4) states that a petition for review of a collection action shall contain clear and concise assignments of each and every error alleged to have been committed in the notice of determination and that any issue not

raised in the assignments of error shall be deemed conceded. See Lunsford v. Commissioner, 117 T.C. 183, 185-186 (2001); Goza v. Commissioner, 114 T.C. 176, 183 (2000). Accordingly, the Court concludes that respondent's determination to proceed with collection of petitioner's tax liabilities was not an abuse of discretion.

## II. Section 6673 Penalty

Section 6673(a)(1) authorizes the Court to require the taxpayer to pay a penalty not in excess of $25,000 when it appears to the Court that, inter alia, proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless. In Pierson v Commissioner, 115 T.C. 576, 581 (2000), we warned that taxpayers abusing the protections afforded by sections 6320 and 6330 through the bringing of dilatory or frivolous lien or levy actions will face sanctions under section 6673. We have since repeatedly disposed of cases premised on arguments akin to those raised herein summarily and with imposition of the section 6673 penalty. See, e.g., Craig v. Commissioner, supra at 264-265 (and cases cited threat).

With respect to the instant matter, we are convinced that petitioner instituted this proceeding primarily for delay by advancing contentions previously and consistently rejected by this and other courts. We note that during petitioner's hearing

before Appeals, the officer provided petitioner with a copy of Davis v. Commissioner, supra, and Thompson v. IRS, 57 AFTR 2d 86-1450, 86-1 USTC par. 9420 (E.D. Cal. 1986), and explained how those cases reflected a rejection of positions similar to petitioner's. Hence, petitioner received fair warning but has persisted in disputing respondent's determination. The Court concludes that a penalty of $2,000 should be awarded to the United States in this case. We will grant respondent's motion.

To reflect the foregoing,

An appropriate order granting respondent's motion and decision for respondent will be entered.