T.C. Memo. 2004-225


UNITED STATES TAX COURT


TRAVIS D. HILAND, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 3106-04L.          Filed October 6, 2004.


        P filed a petition for judicial review pursuant to
sec. 6330, I.R.C., in response to a determination by R
that levy action was appropriate.

        <u>Held</u>:  Because P has advanced solely groundless
complaints in dispute of the notice of intent to levy,
R's determination to proceed with collection action is
sustained.

        <u>Held</u>, <u>further</u>, damages under sec. 6673, I.R.C.,
are due from P and are awarded to the United States in
the amount of $1,000.


Travis D. Hiland, pro se.

<u>Cameron M. McKesson</u>, for respondent.

## MEMORANDUM OPINION

WHERRY, Judge:  This case is before the Court on
respondent's motion for summary judgment pursuant to Rule 121.[1]
The instant proceeding arises from a petition for judicial review
filed in response to a Notice of Determination Concerning
Collection Action(s) Under Section 6320 and/or 6330.  The issues
for decision are:  (1) Whether respondent may proceed with
collection action as so determined, and (2) whether the Court,
sua sponte, should impose a penalty under section 6673.

### Background

Petitioner filed with his spouse[2] a joint Form 1040, U.S.
Individual Income Tax Return, for the 2000 taxable year on or
about April 15, 2001.  On this return, petitioner reported $0 on
all pertinent lines, including $0 of total income and $0 of total
tax.  Petitioner attached to the return a statement contending,
inter alia, that no law established his liability for income
taxes or required him to file a return.

Respondent issued to petitioner a statutory notice of
deficiency for 2000 on June 12, 2002.  Respondent determined a

---

[1] Unless otherwise indicated, all section references are to
the Internal Revenue Code of 1986, as amended, and all Rule
references are to the Tax Court Rules of Practice and Procedure.

[2] Petitioner's wife, RuthAnne Hiland, was not involved in
the collection proceedings before respondent and is not a party
in this case.  For simplicity, we hereafter refer only to
petitioner in our discussion of relevant events.

deficiency of $16,843 and an accuracy-related penalty under section 6662(a) in the amount of $3,368.60. Petitioner responded to the notice with a letter dated June 14, 2002, acknowledging his receipt of the notice and his right to file a petition with the Tax Court but stating, inter alia: "Before I file, pay, or do anything with respect to your 'Notice,' I must first establish whether or not it was sent pursuant to law, whether or not it has the 'force and effect of law,' and whether you had any authority to send me the notice in this first place."

Petitioner at no time petitioned this Court for redetermination of the deficiency and penalty reflected in the notice. Respondent assessed tax, penalty, and interest amounts due for 2000 on November 18, 2002, and sent a notice of balance due on that date. An additional notice of balance due was sent on December 23, 2002.

On February 27, 2003, respondent issued to petitioner a Final Notice of Intent To Levy and Notice of Your Right To a Hearing with respect to his unpaid liabilities for 2000.[3] Petitioner timely submitted to respondent a Form 12153, Request for a Collection Due Process Hearing, with multiple attachments

---

[3] A second Final Notice of Intent To Levy and Notice of Your Right to a Hearing was also issued on Feb. 27, 2003, with respect to a civil penalty under sec. 6702 for the filing of a frivolous return for the 1999 taxable year. This Court lacks jurisdiction to review any issues related to this penalty. Van Es v. Commissioner, 115 T.C. 324, 328-329 (2000).

setting forth his disagreement with the proposed levy.  He challenged the validity of, and requested that the Appeals officer have at the hearing copies of documents pertaining to, among other things, the underlying tax liability, the notice and demand for payment, and the authority of various Internal Revenue Service (IRS) personnel.

Settlement Officer Thomas L. Tracy (Mr. Tracy), of the IRS Office of Appeals in Phoenix, Arizona, sent petitioner a letter dated November 10, 2003, scheduling a hearing for December 5, 2003, and briefly outlining the hearing process.  On December 3, 2003, petitioner telephoned Mr. Tracy and asked to delay the hearing, on grounds that he needed to attend to his father who had suffered a stroke.  Mr. Tracy offered either a telephone hearing or a face-to-face meeting the week of December 15. Petitioner instead asked for a hearing by correspondence, and the parties mutually agreed upon a deadline of December 17, 2003, for Mr. Tracy's receipt of petitioner's submission.  During the conversation, Mr. Tracy advised petitioner that the issues thus far presented by petitioner would be considered frivolous and not relevant.  Following the conversation, Mr. Tracy then sent a letter dated December 3, 2003, expressly confirming the terms of the agreement reached and expanding on the point made about frivolous arguments and penalties therefor under section 6673. The letter concluded with a warning that if Mr. Tracy did not

receive petitioner's correspondence by December 17, 2003, he would make his determination from information in the file. Mr. Tracy also enclosed with the letter copies of Forms 4340, Certificate of Assessments, Payments and Other Specified Matters, and of pertinent cases such as <u>Pierson v. Commissioner</u>, 115 T.C. 576 (2000).

On December 17, 2003, petitioner called Mr. Tracy and left a message acknowledging the deadline and indicating that he had questions ready for Mr. Tracy.[4]  The message further stated that petitioner was in Mesa visiting his ill father, that he had a flat tire, and that he was unsure whether he could get his correspondence package to Mr. Tracy.  On that note, petitioner inquired whether he could deliver the package the next day or could send it by facsimile.  He also requested a return call.

Mr. Tracy called back within minutes, but petitioner was unavailable.  Mr. Tracy left his phone and fax number.  When he did not hear from petitioner, Mr. Tracy called again on December 19, 2003.  The individual who answered the telephone stated that petitioner was not answering the line, so Mr. Tracy left another message for petitioner to return the call.

[4] Petitioner may also have attempted to send a facsimile on or about Dec. 16, 2003, indicating that he would need to reschedule the Dec. 17, 2003, correspondence hearing date, but there exists no indication that Mr. Tracy received any such transmission.

When petitioner failed to call or to send any documents by facsimile or otherwise, Mr. Tracy closed the case on December 29, 2003.  Respondent on January 8, 2004, issued to petitioner the aforementioned Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, sustaining the proposed levy action.  An attachment to the notice addressed the verification of legal and procedural requirements, the issues raised by the taxpayer, and the balancing of efficient collection and intrusiveness.  According to the attachment, petitioner "presented only frivolous arguments and no relevant issues."

Petitioner's petition disputing the notice of determination was filed with the Court on February 13, 2004, and reflected an address in Prescott, Arizona.  In general, petitioner asks that the Court declare invalid the notice of determination. Petitioner's complaints with respect to the administrative proceedings include the following:  No legitimate hearing under section 6330 ever took place; petitioner was denied the opportunity to raise issues he deemed "relevant" (e.g., the "existence" of the underlying tax liability); and cited documentation had not been produced and/or addressed (e.g., record of the assessments, statutory notice and demand for payment, any "valid notice of deficiency", and verification from the Secretary that all applicable requirements were met). Petitioner prays that this Court declare invalid the January 8,

2004, determination; order the IRS to hold the statutorily mandated "Collection Due Process Hearing"; order the IRS to have at the hearing all documents requested by petitioner; and order the Government to reimburse petitioner for all costs incurred in submitting the instant petition.[5]

Also on February 13, 2004, petitioner reiterated his request that this Court declare invalid the determination at issue by means of a document and supporting memorandum filed as a motion to dismiss for lack of jurisdiction. Respondent filed a notice of objection on March 15, 2004, and the Court denied petitioner's motion on April 15, 2004.

After the pleadings were closed in this case, respondent filed the subject motion for summary judgment. Petitioner was directed to file any response to respondent's motion on or before September 17, 2004. No such response was received by the Court.

### Discussion

Rule 121(a) allows a party to move "for a summary adjudication in the moving party's favor upon all or any part of the legal issues in controversy." Summary judgment is intended to expedite litigation and to avoid unnecessary trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Rule

---

[5] The Court notes that to the extent that the petition seeks reasonable administrative and/or litigation costs pursuant to sec. 7430, any such claim is premature and will not be further addressed. See Rule 231.

121(b) directs that a decision on such a motion shall be rendered "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law."

The moving party bears the burden of demonstrating that no genuine issue of material fact exists and that he or she is entitled to judgment as a matter of law. Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). Facts are viewed in the light most favorable to the nonmoving party. Id. However, where a motion for summary judgment has been properly made and supported by the moving party, the opposing party may not rest upon mere allegations or denials contained in that party's pleadings but must by affidavits or otherwise set forth specific facts showing that there is a genuine issue for trial. Rule 121(d).

I.  Collection Actions

    A.  General Rules

Section 6331(a) authorizes the Commissioner to levy upon all property and rights to property of a taxpayer where there exists a failure to pay any tax liability within 10 days after notice and demand for payment. Sections 6331(d) and 6330 then set forth procedures generally applicable to afford protections for

taxpayers in such levy situations.  Section 6331(d) establishes the requirement that a person be provided with at least 30 days' prior written notice of the Commissioner's intent to levy before collection may proceed.  Section 6331(d) also indicates that this notification should include a statement of available administrative appeals.  Section 6330(a) expands in several respects upon the premise of section 6331(d), forbidding collection by levy until the taxpayer has received notice of the opportunity for administrative review of the matter in the form of a hearing before the IRS Office of Appeals.  Section 6330(b) grants a taxpayer who so requests the right to a fair hearing before an impartial Appeals officer.

Section 6330(c) addresses the matters to be considered at the hearing:

> SEC. 6330(c).  Matters Considered at Hearing.--In the case of any hearing conducted under this section--
>
> (1) Requirement of investigation.--The appeals officer shall at the hearing obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met.
>
> (2) Issues at hearing.--
>
> (A) In general.--The person may raise at the hearing any relevant issue relating to the unpaid tax or the proposed levy, including--
>
> (i) appropriate spousal defenses;

> (ii) challenges to the
> appropriateness of collection actions;
> and

> (iii) offers of collection
> alternatives, which may include the
> posting of a bond, the substitution of
> other assets, an installment agreement,
> or an offer-in-compromise.

> (B) Underlying liability.--The person
> may also raise at the hearing challenges to
> the existence or amount of the underlying tax
> liability for any tax period if the person
> did not receive any statutory notice of
> deficiency for such tax liability or did not
> otherwise have an opportunity to dispute such
> tax liability.

Once the Appeals officer has issued a determination regarding the disputed collection action, section 6330(d) allows the taxpayer to seek judicial review in the Tax Court or a District Court, depending upon the type of tax. In considering whether taxpayers are entitled to any relief from the Commissioner's determination, this Court has established the following standard of review:

> where the validity of the underlying tax liability is
> properly at issue, the Court will review the matter on
> a de novo basis. However, where the validity of the
> underlying tax liability is not properly at issue, the
> Court will review the Commissioner's administrative
> determination for abuse of discretion. [Sego v.
> Commissioner, 114 T.C. 604, 610 (2000).]

B. Analysis

   1. Appeals Hearing

The petition (as well as the previously denied motion to dismiss for lack of jurisdiction) emphasizes petitioner's claim

that he was denied the collection hearing to which he was entitled and apparently seeks a remand to Appeals in order to allow a conference to be held. Relevant caselaw precedent and regulatory authority, however, indicate that the circumstances here are not such as to render remand appropriate.

Hearings conducted under section 6330 are informal proceedings, not formal adjudications. Katz v. Commmissioner, 115 T.C. 329, 337 (2000); Davis v. Commissioner, 115 T.C. 35, 41 (2000). There exists no right to subpoena witnesses or documents in connection with section 6330 hearings. Roberts v. Commissioner, 118 T.C. 365, 372 (2002), affd. 329 F.3d 1224 (11th Cir. 2003); Nestor v. Commissioner, 118 T.C. 162, 166-167 (2002); Davis v. Commissioner, supra at 41-42. Taxpayers are entitled to be offered a face-to-face hearing at the Appeals Office nearest their residence. Where the taxpayer declines to participate in a proffered face-to-face hearing, hearings may also be conducted telephonically or by correspondence. Katz v. Commissioner, supra at 337-338; Dorra v. Commissioner, T.C. Memo. 2004-16; sec. 301.6330-1(d)(2), Q&A-D6 and D7, Proced. & Admin. Regs. Furthermore, once a taxpayer has been given a reasonable opportunity for a hearing but has failed to avail himself or herself of that opportunity, we have approved the making of a determination to proceed with collection based on the Appeals officer's review of the case file. See, e.g., Taylor v.

Commissioner, T.C. Memo. 2004-25; Leineweber v. Commissioner,
T.C. Memo. 2004-17; Armstrong v. Commissioner, T.C. Memo. 2002-
224; Gougler v. Commissioner, T.C. Memo. 2002-185; Mann v.
Commissioner, T.C. Memo. 2002-48.  Thus, a face-to-face meeting
is not invariably required.

Regulations promulgated under section 6330 likewise
incorporate many of the foregoing concepts, as follows:

> Q-D6.  How are CDP hearings conducted?
>
> A-D6.  * * * CDP hearings * * * are informal in
> nature and do not require the Appeals officer or
> employee and the taxpayer, or the taxpayer's
> representative, to hold a face-to-face meeting.  A CDP
> hearing may, but is not required to, consist of a face-
> to-face meeting, one or more written or oral
> communications between an Appeals officer or employee
> and the taxpayer or the taxpayer's representative, or
> some combination thereof. * * *
>
> Q-D7.  If a taxpayer wants a face-to-face CDP
> hearing, where will it be held?
>
> A-D7.  The taxpayer must be offered an opportunity
> for a hearing at the Appeals office closest to
> taxpayer's residence or, in the case of a business
> taxpayer, the taxpayer's principal place of business.
> If that is not satisfactory to the taxpayer, the
> taxpayer will be given an opportunity for a hearing by
> correspondence or by telephone.  If that is not
> satisfactory to the taxpayer, the Appeals officer or
> employee will review the taxpayer's request for a CDP
> hearing, the case file, any other written
> communications from the taxpayer (including written
> communications, if any, submitted in connection with
> the CDP hearing), and any notes of any oral
> communications with the taxpayer or the taxpayer's
> representative.  Under such circumstances, review of
> those documents will constitute the CDP hearing for the
> purposes of section 6330(b).  [Sec. 301.6330-1(d)(2),
> Q&A-D6 and D7, Proced. & Admin. Regs.]

This Court has cited the above regulatory provisions with approval.  See, e.g., <u>Taylor v. Commissioner</u>, <u>supra</u>; <u>Leineweber v. Commissioner</u>, <u>supra</u>; <u>Dorra v. Commissioner</u>, <u>supra</u>; <u>Gougler v. Commissioner</u>, <u>supra</u>.

With respect to the instant matter, the record reflects that petitioner was initially offered a face-to-face hearing to be held on December 5, 2003.  When, 2 days before the scheduled date, petitioner informed Mr. Tracy that he could not attend the conference, Mr. Tracy offered to reschedule the in-person meeting for the week of December 15, 2003.  However, petitioner himself elected to proceed by correspondence and agreed on a December 17, 2003, submission deadline.  He then failed to provide any information or materials, although Mr. Tracy continued to wait for a call or facsimile for more than a week beyond the deadline.

In these circumstances, petitioner cannot now be permitted to complain that he was improperly deprived of a sufficient conference.  He was given a reasonable opportunity for a hearing and failed to avail himself thereof.  Accordingly, a determination made on the basis of the existing record, which reflected only frivolous arguments on the part of petitioner, was appropriate here.  Respondent's actions were consistent with the requirements reflected in section 6330 and the attendant regulations and do not provide basis for a remand.

## 2. Review of Underlying Liabilities

A statutory notice of deficiency for 2000 was issued to petitioner, and communications from petitioner referencing the notice make clear that this document was received. To the extent that petitioner has argued that he should nonetheless be entitled to challenge his underlying liabilities on grounds that the notice was invalid, due to the lack of a delegation of authority from the Secretary to the individual at the Ogden Service Center who signed the notice, this contention is without merit.

The Secretary or his delegate may issue notices of deficiency. Secs. 6212(a), 7701(a)(11)(B) and (12)(A)(i). The Secretary's authority in this matter has been delegated to District Directors and Directors of Service Centers, and may in turn be redelegated to officers or employees under the supervision of such persons. Secs. 301.6212-1(a), 301.7701-9(b) and (c), Proced. & Admin. Regs.; see also Nestor v. Commissioner, 118 T.C. at 165.

Hence, because petitioner received a valid notice of deficiency and did not timely petition for redetermination, he is precluded under section 6330(c)(2)(B) from disputing his underlying tax liabilities in this proceeding. His remaining contentions generally challenging the "existence" of any statute imposing or requiring him to pay income tax warrant no further comment. See Crain v. Commissioner, 737 F.2d 1417, 1417 (5th

Cir. 1984) ("We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit.").

### 3. Review for Abuse of Discretion

Petitioner has also made various arguments relating to aspects of the assessment and collection procedures that we review for abuse of discretion. Action constitutes an abuse of discretion under this standard where arbitrary, capricious, or without sound basis in fact or law. Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

Federal tax assessments are formally recorded on a record of assessment in accordance with section 6203. The Commissioner is not required to use Form 23C in making an assessment. Roberts v. Commissioner, 118 T.C. at 369-371. Furthermore, section 6330(c)(1) mandates neither that the Appeals officer rely on a particular document in satisfying the verification requirement nor that the Appeals officer actually give the taxpayer a copy of the verification upon which he or she relied. Craig v. Commissioner, 119 T.C. 252, 262 (2002); Nestor v. Commissioner, 118 T.C. at 166.

A Form 4340, for instance, constitutes presumptive evidence that a tax has been validly assessed pursuant to section 6203. Davis v. Commissioner, 115 T.C. at 40 (and cases cited threat). Consequently, absent a showing by the taxpayer of some

irregularity in the assessment procedure that would raise a question about the validity of the assessments, a Form 4340 reflecting that tax liabilities were assessed and remain unpaid is sufficient to support collection action under section 6330. Id. at 40-41.  We have specifically held that it is not an abuse of discretion for an Appeals officer to rely on Form 4340, Nestor v. Commissioner, supra at 166; Davis v. Commissioner, supra at 41, or a computer transcript of account, Schroeder v. Commissioner, T.C. Memo. 2002-190; Mann v. Commissioner, T.C. Memo. 2002-48, to comply with section 6330(c)(1).

Here, the record contains a Form 4340 for 2000, dated August 11, 2003, indicating that assessments were made for the year and that taxes remain unpaid.  Petitioner has cited no irregularities that would cast doubt on the information recorded thereon.

In addition to the specific dictates of section 6330, the Secretary, upon request, is directed to furnish to the taxpayer a copy of pertinent parts of the record of assessment setting forth the taxpayer's name, the date of assessment, the character of the liability assessed, the taxable period, if applicable, and the amounts assessed.  Sec. 6203; sec. 301.6203-1, Proced. & Admin. Regs.  A taxpayer receiving a copy of Form 4340 has been provided with all the documentation to which he or she is entitled under section 6203 and section 301.6203-1, Proced. & Admin. Regs. Roberts v. Commissioner, supra at 370 n.7.  This Court likewise

has upheld collection action where taxpayers were provided with literal transcripts of account (so-called MFTRAX). See, e.g., Frank v. Commissioner, T.C. Memo. 2003-88; Swann v. Commissioner, T.C. Memo. 2003-70. The December 3, 2003, letter to petitioner from Mr. Tracy enclosed a copy of Form 4340.

Furthermore, arguments similar to petitioner's statements concerning copies of the tax returns from which assessments were made have been summarily rejected. See, e.g., Bethea v. Commissioner, T.C. Memo. 2003-278; Fink v. Commissioner, T.C. Memo. 2003-61. The Court concludes that petitioner's complaints regarding the assessments and verification are meritless.

Petitioner has denied receiving the notice and demand for payment that section 6303(a) establishes should be given within 60 days of the making of an assessment. However, a notice of balance due constitutes a notice and demand for payment within the meaning of section 6303(a). Craig v. Commissioner, supra at 262-263. The Form 4340 indicates that petitioner was sent notices of balance due for the 2000 tax year.

Thus, with respect to those issues enumerated in section 6330(c)(2)(A) and subject to review in collection proceedings for abuse of discretion, petitioner has not raised any spousal defenses, valid challenges to the appropriateness of the collection action, or collection alternatives. As this Court has noted in earlier cases, Rule 331(b)(4) states that a petition for

review of a collection action shall contain clear and concise assignments of each and every error alleged to have been committed in the notice of determination; any issue not raised in the assignments of error shall be deemed conceded. See Lunsford v. Commissioner, 117 T.C. 183, 185-186 (2001); Goza v. Commissioner, 114 T.C. 176, 183 (2000). For completeness, we have addressed various points advanced by petitioner during the administrative process, but the items listed in section 6330(c)(2)(A) were not pursued even during those proceedings. Accordingly, the Court concludes that respondent's determination to proceed with collection of petitioner's tax liabilities was not an abuse of discretion.

II. Section 6673 Penalty

Section 6673(a)(1) authorizes the Court to require the taxpayer to pay a penalty not in excess of $25,000 when it appears to the Court that, inter alia, proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless. In Pierson v. Commissioner, 115 T.C. at 581, we warned that taxpayers abusing the protections afforded by sections 6320 and 6330 through the bringing of dilatory or frivolous lien or levy actions will face sanctions under section 6673. We have since repeatedly disposed of cases premised on arguments akin to those raised herein summarily and with

imposition of the section 6673 penalty.  See, e.g., <u>Craig v. Commissioner</u>, 119 T.C. at 264-265 (and cases cited thereat).

With respect to the instant matter, we are convinced that petitioner instituted this proceeding primarily for delay. Throughout the administrative and pretrial process, petitioner advanced contentions and demands previously and consistently rejected by this and other courts.  He submitted lengthy communications quoting, citing, using out of context, and otherwise misapplying portions of the Internal Revenue Code, regulations, court decisions, and other authorities.  Moreover, petitioner was explicitly alerted to <u>Pierson v. Commissioner</u>, <u>supra</u>, and the use of sanctions in analogous situations.

Hence, petitioner received fair warning but has persisted in frivolously disputing respondent's determination.  The Court sua sponte concludes that a penalty of $1,000 should be awarded to the United States in this case.  To reflect the foregoing,

<u>An appropriate order granting respondent's motion and decision for respondent will be entered</u>.