T.C. Memo. 2005-105

UNITED STATES TAX COURT

KENNETH P. KRUEGER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11938-04L.                    Filed May 11, 2005.

Kenneth P. Krueger, pro se.

<u>Travis Vance III</u>, for respondent.

MEMORANDUM OPINION

HAINES, <u>Judge</u>:  This matter is before us on respondent's motion for summary judgment filed pursuant to Rule 121 and to impose a penalty pursuant to section 6673.[1]

---

[1]  Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure and all section references are to the Internal Revenue Code of 1986, as amended.

## Background

At the time this petition was filed, petitioner resided in Warner Robins, Georgia.

On August 22, 2001, petitioner and his wife, Sandra C. Krueger, filed a joint Federal income tax return for 2000 (2000 tax return), i.e., Form 1040, U.S. Individual Income Tax Return, reporting a total income of zero. Petitioner and his wife attached to their 2000 tax return a two-page letter that asserted basic tax-protester arguments. Petitioner and his wife claimed the Federal income tax shown as withheld on Forms W-2, Wage and Tax Statement, totaling $3,965,[2] as a refund on the 2000 tax return.

The 2000 tax return was received by the Examination Division of the Internal Revenue Service on September 4, 2001, and on January 24, 2002, Form 4549, Income Tax Examination Changes, was sent to petitioner and his wife. Petitioner responded to the Form 4549 by a letter dated February 27, 2002, in which he stated:

> *ONLY I* can make a "self-assessment" concerning what my income tax liability might be for 2000. Since I concluded that my 2000 income tax liability is "zero" for that year, I did not "self-assess" myself with any income tax liability for that year; therefore, no income tax liability is shown on my 2000. * * *
>
> Therefore, you have no legal authority to "change" my return, nor to assess any amount other than what is

---

[2] Amounts are rounded to the nearest dollar.

shown on my return - and if any IRS employee attempts to do otherwise, they will do so at their own criminal and/or civil peril.

*   *   *   *   *   *   *

I am requesting an office audit/meeting at which time you should have available:

1.  The "text of any written determination and any background file documents relating to (the) determination" that my "zero" return was not correct as provided in 26 USC 6610.

2.  Since Sections 6001 and 6011 (as referred to in the Privacy Act Notice that is contained in the 1040 booklet) only direct me to comply with Treasury regulations, I will expect you to have the Treasury regulation that imposes upon me a legal obligation to treat seriously the "changes" you have proposed in my 2000 return.

3.  The statute and implementing regulation that allowed you to "change" my 2000 return, and

4.  Your Delegation Order from the Secretary of Treasury authorizing you to act in his behalf.

On May 1, 2002, respondent mailed to petitioner and his wife a notice of deficiency for 2000, in which respondent determined that petitioner and his wife owed a deficiency of $4,574 and a $915 accuracy-related penalty under section 6662(a) based upon reported wages received from Southeastern Telephone Systems, Inc., and the U.S. Air Force of $24,812 and $23,005, respectively, and miscellaneous income received from Nutrition for Life International, Inc., of $657.

Petitioner and his wife did not file a petition with the Court to redetermine the deficiency. Instead, petitioner mailed a letter dated July 25, 2002, to the contact person named in the notice of deficiency with copies to the Secretary of the Treasury, the Commissioner of Internal Revenue, Senator Baucus, Chairman of the Senate Finance Committee, Senator Conrad, Chairman of the Tax and IRS Oversight Sub-Committee, and Congressman Thomas, Chairman of the House Ways and Means Committee, stating that he would not file a petition with the Tax Court until it was established that respondent had the legal authority to send the notice of deficiency in the first place.

Respondent assessed the tax, penalty, and interest on November 18, 2002. On March 4, 2003, respondent mailed to petitioner a Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing. The final notice was not addressed to petitioner's wife, Sandra C. Krueger. On April 2, 2003, petitioner timely filed a Form 12153, Request for a Collection Due Process Hearing. Petitioner's wife did not sign the Form 12153 and was not involved in the subsequent section 6330 hearing or in the proceedings herein.

On April 8, 2004, respondent sent a letter to petitioner advising him that a face-to-face conference would not be allowed if petitioner continued making frivolous and groundless arguments. The letter further stated: "If you wish to have a

face-to-face conference, please write me within 15 days from the date of this letter and describe the legitimate issues you will discuss."  In the same letter respondent proposed that a telephone conference be held on April 28, 2004.  Petitioner acquiesced to the telephone conference and subsequently rescheduled it for May 11, 2004.

During the May 11, 2004, telephone conference, the settlement officer advised petitioner of the appeals process and his rights as a taxpayer.  Petitioner raised only frivolous arguments consistent with those found in the attachments appended to the 2000 tax return and incorporated in prior correspondence.

During the morning of the conference, petitioner faxed to respondent's settlement officer a copy of an offer in compromise he intended to file.  Petitioner did not pay the $150 processing fee at the time of filing, and it was not processed.  Petitioner's offer was based on "Doubt as to Liability" and was accompanied by an attachment reciting that wages are not income and that no section of the Internal Revenue Code establishes an income tax liability.

In the June 4, 2004, Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 for 2000 (notice of determination) sent to petitioner, the Appeals officer determined:

During Appeals consideration of your case, you did not raise any non-frivolous collection alternatives or any non-frivolous issues.

Appeals has obtained verification from the Secretary that the requirements of any applicable law or administrative procedure have been met, considered any relevant issues relating to the unpaid tax raised at the hearing, and taken into consideration whether the proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary. Therefore, it is the determination in this case the issuance of the Notice of Intent to Levy is sustained.

On July 8, 2004, petitioner filed a petition with the Court for judicial review of respondent's notice of determination. In his petition, petitioner contends that he did not receive a hearing as required by section 6330 because: (1) He was not allowed to have a face-to-face conference; (2) the hearing officer had no authority to limit what was to be discussed during a telephone conference; and (3) he was not allowed to challenge the existence of the underlying tax liability.

On March 9, 2005, respondent filed a motion for summary judgment seeking a decision that collection can proceed and to impose a penalty pursuant to section 6673. By order dated March 10, 2005, petitioner was given until April 11, 2005, to file a response to the motion for summary judgment. Petitioner filed a response on April 11, 2005, which stated in part:

Petitioner was denied a face-to-face hearing unless petitioner discussed only issues allowed by the settlement officer. By letter dated April 8, 2004, petitioner was advised that Appeals does not hold face-

to-face hearings if only items subject to discussion include items that are frivolous such as those attributed to moral, religious, political, constitutional, conscientious, or similar grounds. Petitioner never raised any of these issues, the issue raised by petitioner is tax liability. Nowhere in the **"THE TRUTH ABOUT FRIVILOUS** [sic] **TAX ARGUMENTS"** is tax liability listed. * * *

## Discussion

A decision granting summary judgment may be rendered if the pleadings and other materials in the record show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. Rule 121(b); <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). We have considered the pleadings and other materials in the record and conclude that there is no genuine issue of any material fact and that a decision may be rendered as a matter of law.

Petitioner argues that respondent erred by not allowing petitioner to challenge the merits of the underlying tax liability, by not conducting a face-to-face hearing, and by limiting the subject matter that could be discussed during the hearing.

When petitioner received a notice of deficiency, he did not follow the specific instructions contained in the notice which allowed him to petition this Court if he disagreed. Instead, petitioner sent a letter to respondent, the Secretary of the Treasury, the Chairman of the Senate Finance Committee, the

Chairman of the Tax and IRS Oversight Sub-Committee, and the Chairman of the House Ways and Means Committee, stating that he would not file a petition with the Tax Court until it was established that the Government had the legal authority to send the notice of deficiency in the first place. We have held in numerous cases that the approach taken by petitioner is without merit. See, e.g., Nestor v. Commissioner, 118 T.C. 162, 165 (2002); Rewerts v. Commissioner, T.C. Memo. 2004-248; Israel v. Commissioner, T.C. Memo. 2003-338; Bethea v. Commissioner, T.C. Memo. 2003-278; Fink v. Commissioner, T.C. Memo. 2003-61; Koenig v. Commissioner, T.C. Memo. 2003-40. By taking this approach, petitioner closed the door on his ability to contest the underlying tax liability. See sec. 6330(c)(2)(B).

Where the underlying tax liability is not at issue, we review the Commissioner's determination to proceed with collection for abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000). An abuse of discretion may be defined as an action that, taking into account all the facts and circumstances, is unreasonable, arbitrary or capricious, clearly unlawful, or lacking sound basis in law. See, e.g., Ewing v. Commissioner, 122 T.C. 32, 39-40 (2004); Swanson v. Commissioner, 121 T.C. 111, 119 (2003).

The May 11, 2004, telephone conference between petitioner and respondent's Appeals officer was agreed to by petitioner and constituted an appropriate hearing for purposes of section

6330(b)(1).  See <u>Burbridge v. Commissioner</u>, T.C. Memo. 2004-88; <u>Day v. Commissioner</u>, T.C. Memo. 2004-30.  At the section 6330 hearing, the matters petitioner could raise were limited by section 6330(c)(2) to include appropriate spousal defenses, challenges to the appropriateness of collection actions, and offers of collection alternatives.

During the May 11, 2004, telephone hearing petitioner asserted only tax-protester arguments.  Although an offer-in-compromise was faxed to the Appeals officer, the premise of "Doubt as to Liability" was based on the assertions that wages are not income and no section of the Internal Revenue Code requires the payment of tax, both tax-protester arguments.

Respondent properly verified that the requirements of applicable law and administrative procedures were met and balanced the need for efficient collection of taxes with the legitimate concern that the collection action be no more intrusive than necessary.  See sec. 6330(c)(3).  Respondent did not abuse his discretion in sustaining the notice of intent to levy as to petitioner.

Respondent, in his motion for summary judgment, has asked the Court to impose a penalty under section 6673(a) against petitioner.  Section 6673(a)(1) authorizes the Court to require a taxpayer to pay the United States a penalty in an amount not to exceed $25,000 whenever it appears to the Court the taxpayer's

position in a proceeding is frivolous or groundless.  Sec. 6673(a)(1)(B).

Petitioner has continuously asserted throughout these proceedings only tax-protester arguments in an effort to avoid paying any income tax at all.  Courts have held in previous cases that these arguments are without merit.  See, e.g., United States v. Connor, 898 F.2d 942, 943 (3d Cir. 1990); Coleman v. Commissioner, 791 F.2d 68, 70 (7th Cir. 1986); Sauers v. Commissioner, 771 F.2d 64, 66 (3d Cir. 1985) (as to petitioner's claim that wages and salaries are not taxable income), affg. T.C. Memo. 1984-367; Nestor v. Commissioner, supra at 167 (as to the argument that a tax return reporting zero taxable income cannot be changed to reflect income received); Dashiell v. Commissioner, T.C. Memo. 2004-210 (as to petitioner's claim that no Internal Revenue Code section makes him liable).  We reject petitioner's boilerplate tax-protester arguments as frivolous and without merit.

Petitioner attached as Exhibit A to his response to the motion for summary judgment the index to the publication "The Truth about Frivolous Tax Arguments", issued by the Internal Revenue Service, and claimed that "Nowhere * * * is tax liability listed".  Nevertheless, the publication covers every tax-protester argument that he has made in these proceedings.  Because we find petitioner's arguments to be frivolous and groundless, we shall

grant respondent's motion and impose a penalty on petitioner pursuant to section 6673(a)(1) in the amount of $1,500.

In reaching our holding herein, we have considered all arguments made by petitioner, and, to the extent not mentioned above, we conclude that they are irrelevant and without merit.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.