T.C. Memo. 2003-137

UNITED STATES TAX COURT

PAUL EVERMAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13268-02L.            Filed May 14, 2003.

<u>Jerry Arthur Jewett</u>, for petitioner.

<u>Michelle M. Lippert</u> and <u>Julie A. Pals</u>, for respondent.

MEMORANDUM OPINION

ARMEN, <u>Special Trial Judge</u>:  This matter is before the Court
on respondent's motion to dismiss for lack of jurisdiction, as
supplemented.  Respondent contends that the Court lacks
jurisdiction over the petition on the grounds that: (1) The
petition was not filed within the 90-day period prescribed in
sections 6213(a) and 7502(a); and (2) respondent did not issue to

petitioner a notice of determination concerning collection actions that would allow petitioner to invoke the Court's jurisdiction under sections 6320 and/or 6330.[1]  As discussed in detail below, we shall grant respondent's motion to dismiss, as supplemented.

Background

The record establishes and/or the parties do not dispute the following:

A.  Notice of Deficiency

On February 9, 2000, respondent mailed to petitioner a notice of deficiency.  In the notice of deficiency, respondent determined deficiencies in petitioner's Federal income taxes for 1996, 1997, and 1998 in the amounts of $73,516, $3,619, and $4,549, respectively.  Respondent also determined that petitioner was liable for accuracy-related penalties under section 6662(a) for 1996 and 1997 in the amounts of $14,703.20 and $723.80, respectively.

The notice of deficiency was issued by the Internal Revenue Service (IRS) District Director in Cincinnati, Ohio.  The notice of deficiency was signed "C. Ashley Bullard by BL".  At the time that the notice of deficiency was issued, C. Ashley Bullard was

---

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

the IRS District Director in Cincinnati, Ohio.[2]

Petitioner did not file a petition for redetermination with the Court within the 90-day period prescribed in section 6213(a). Consequently, on July 3, 2000, respondent assessed the determined deficiency and accuracy-related penalty for 1997, as well as statutory interest. On August 7, 2000, respondent assessed the determined deficiency and accuracy-related penalty for 1996, as well as statutory interest. Presumably, respondent also assessed the determined deficiency and accuracy-related penalty for 1998, but that year is not part of the present case.

B. <u>Notice of Federal Tax Lien</u>

On March 9, 2001, respondent sent to petitioner, by certified mail, a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 (the notice required by section 6320). The notice required by section 6320 listed petitioner's unpaid tax liabilities for 1996 and 1997. Three days later, on March 12, 2001, respondent filed a Notice of Federal Tax Lien with the Recorder of Mercer County in Celina, Ohio, with regard to petitioner's unpaid tax liabilities for 1996 and 1997. Brenda McCullough, Acting Technical Support Group Manager responsible for collection matters, authorized the issuance of the notice required by section 6320 and the filing of the Notice of Federal

---

[2] The record does not definitively reveal "BL's" identity.

Tax Lien.[3]  At that time, Ms. McCullough was classified as a GS-14 employee.  Petitioner received the notice required by section 6320.

C.  Final Notice of Levy

On May 7, 2001, respondent mailed to petitioner, by certified mail, a Final Notice–Notice of Intent to Levy and Notice of Your Right to a Hearing (final notice of intent to levy) under section 6330 in respect of petitioner's unpaid tax liabilities for 1996 and 1997.  The final notice of intent to levy, which was not signed, was issued by Revenue Officer John Stetsko; the final notice identified Mr. Stetsko as the "person to contact" and provided his contact telephone number and employee identification number.  At that time, Mr. Stetsko was classified as a GS-12 employee and a GS-1169 series revenue officer.  Petitioner received the final notice of intent to levy on May 12, 2001.

D.  Petitioner's Request for a Hearing

On June 18, 2001, petitioner filed with respondent a Request for a Collection Due Process Hearing in respect of his unpaid tax liabilities for 1996 and 1997.  Petitioner's Request for a Due

---

[3]  In authorizing the issuance of the notice required by section 6320 and the filing of the Notice of Federal Tax Lien, Ms. McCullough acted at the request of Group Manager Robert Winship.  As a group manager, Mr. Winship was the supervisor of John Stetsko, a revenue officer who was assigned petitioner's account for collection.  See infra C.

Process hearing expressly referenced the final notice of intent to levy.

E.   The Appeals Office Hearing

On January 16, 2002, petitioner attended an administrative hearing conducted by an Appeals officer at the IRS Appeals Office in Toledo, Ohio.

At the start of the hearing, the Appeals officer stated that because petitioner's request for an administrative hearing was received more than 30 days after the issuance of the final notice of intent to levy (and, a fortiori, more than 30 days after the issuance of the notice required by section 6320), the hearing would be conducted as an "equivalent" hearing.

During the hearing, petitioner requested that the Appeals officer verify that the persons who issued the final notice of intent to levy and the notice required by section 6320 and who filed the Notice of Federal Tax Lien were all authorized to do so.  Petitioner also questioned the validity of the final notice of intent to levy because it was not signed.

F.   Respondent's Decision Letter

On July 12, 2002, the Appeals Office issued to petitioner a Decision Letter Concerning Equivalent Hearing Under Section 6320 and/or 6330 (the decision letter) with regard to petitioner's unpaid tax liabilities for 1996 and 1997.  In the decision letter, the Appeals Office concluded: "The collection actions,

filing the notice of Federal Tax Lien, and proposed enforcement actions, including levies, are upheld."

G.  The Petition

On August 15, 2002, petitioner filed with the Court a petition challenging (1) respondent's deficiency determinations for the taxable years 1996 and 1997 as set forth in the notice of deficiency dated February 9, 2000, and (2) the decision letter dated July 12, 2002.[4]  The petition includes a number of attachments, including a copy of the notice of deficiency, which is stamped "REFUSED FOR FRAUD F.R.C.P. 9(b)".  The petition also includes statements indicating that petitioner is challenging the validity of the notice of deficiency.[5]  With regard to the decision letter dated July 12, 2002, the petition states in pertinent part:

> Because the final notice of intent to levy * * * sent to Petitioner was not sent by the Secretary or his authorized delegate, even though petitioner's appeal was filed after the 30 day time period, it is still timely, and the Appeals Office determination to only grant petitioner an equivalency hearing was in error.

---

[4]  At the time that the petition was filed, petitioner resided in Celina, Ohio.

[5]  The petition states in pertinent part: "Exhibit A: note that deficiency notice is not signed by Secretary"; and "no notice of deficiency was sent by the Secretary or his authorized delegate".

H.  Respondent's Motion To Dismiss

As stated, respondent filed a Motion to Dismiss for Lack of Jurisdiction.  Respondent contends that the Court lacks jurisdiction on the grounds that: (1) The petition was not timely filed with regard to the notice of deficiency dated February 9, 2000; and (2) respondent did not issue to petitioner a notice of determination concerning collection actions under sections 6320 or 6330.  Petitioner filed a notice of objection to respondent's motion.

Pursuant to notice, this matter was called for hearing at the Court's motions session in Washington, D.C.  Counsel for respondent appeared at the hearing and offered argument in support of respondent's motion to dismiss.  Although there was no appearance by or on behalf of petitioner at the hearing, petitioner filed with the Court a written statement pursuant to Rule 50(c).

After the hearing, the Court issued Orders directing respondent to file supplements to his motion to dismiss.  Respondent complied with the Court's Orders.

Discussion

The Tax Court is a court of limited jurisdiction.  We may exercise jurisdiction only to the extent expressly authorized by statute.  Breman v. Commissioner, 66 T.C. 61, 66 (1976).

1. <u>The Court's Jurisdiction To Redetermine a Deficiency</u>

The Court's jurisdiction to redetermine a deficiency depends on the issuance of a valid notice of deficiency and a timely filed petition. Rule 13(a), (c); <u>Monge v. Commissioner</u>, 93 T.C. 22, 27 (1989); <u>Normac, Inc. v. Commissioner</u>, 90 T.C. 142, 147 (1988). Section 6212(a) expressly authorizes the Commissioner, after determining a deficiency, to send a notice of deficiency to the taxpayer by certified or registered mail. The taxpayer, in turn, has 90 days (or 150 days if the notice is addressed to a person outside of the United States) from the date the notice of deficiency is mailed to file a petition in this Court for a redetermination of the deficiency. Sec. 6213(a). Pursuant to section 7502(a), a timely mailed petition will be treated as though it were timely filed.

The record shows that respondent mailed the notice of deficiency in question to petitioner on February 9, 2000. However, the petition in this case was not filed until August 15, 2002--over a year and a half after the mailing of the notice of deficiency. It follows that the petition was not filed within the 90-day statutory period under section 6213(a).

Petitioner's only contention is that the notice of deficiency is invalid because it was not signed by the Secretary or an authorized delegate. Petitioner's argument is meritless.

The notice of deficiency in question was issued by the IRS District Director in Cincinnati, Ohio, and was signed "C. Ashley Bullard [the IRS District Director in Cincinnati, Ohio] by BL". It is well settled that the Secretary or his delegate may issue notices of deficiency. Secs. 6212(a), 7701(a)(11)(B) and (12)(A)(i). The Secretary's authority to issue notices of deficiency has been delegated to District Directors and to Directors of IRS Service Centers. See Nestor v. Commissioner, 118 T.C. 162, 165 (2002), and cases cited therein. Moreover, there is no requirement that a notice of deficiency be signed. Sec. 6212; Pendola v. Commissioner, 50 T.C. 509, 513-514 (1968); Elmore v. Commissioner, T.C. Memo. 2003-123; Fox v. Commissioner, T.C. Memo. 1993-277 n.4, affd. without published opinion 69 F.3d 543 (9th Cir. 1995).

Consistent with the foregoing, we reject petitioner's contention that the notice of deficiency dated February 9, 2000, is invalid. We shall grant that part of respondent's motion that moves to dismiss for lack of jurisdiction as to the notice of deficiency.

2. The Court's Jurisdiction To Review Collection Actions

Sections 6320 and 6330 generally provide that the Commissioner must give a taxpayer notice that a Federal tax lien has been filed and notice that the Commissioner intends to levy on the taxpayer's property and offer the taxpayer an opportunity

for an administrative review of those matters (in the form of an Appeals Office hearing). If the taxpayer is dissatisfied with an Appeals Office determination regarding a collection action, the taxpayer may seek judicial review of the administrative determination in the Tax Court or Federal District Court, as appropriate. See Davis v. Commissioner, 115 T.C. 35, 37 (2000); Goza v. Commissioner, 114 T.C. 176, 179 (2000).

Sections 6320(a) and 6330(a) provide in pertinent part that the Secretary shall notify a person in writing of his or her right to an Appeals Office hearing regarding (1) a notice required by section 6320 or (2) a final notice of intent to levy by, among other methods, mailing such notice by certified or registered mail to the person's last known address. Further, sections 6320(a)(3)(B) and 6330(a)(3)(B) provide that the prescribed notification shall explain that the person has the right to request an Appeals Office hearing during a specified 30-day period.

Where the Appeals Office issues a determination letter to a taxpayer following an administrative hearing regarding a notice required by section 6320 and/or a final notice of intent to levy, sections 6320(c) and 6330(d)(1) provide that the taxpayer shall have 30 days following the issuance of such determination letter to file a petition for review with the Tax Court or Federal District Court, as appropriate. See Offiler v. Commissioner, 114

T.C. 492, 498 (2000). We have held that this Court's jurisdiction under sections 6320 and 6330 depends on the issuance of a valid notice of determination and the filing of a timely petition for review. See Sarrell v. Commissioner, 117 T.C. 122, 125 (2001); Offiler v. Commissioner, supra at 498.

The record shows that respondent sent petitioner (1) a notice required by section 6320 on March 9, 2001, and (2) a final notice of intent to levy on May 7, 2001. However, petitioner did not file his request for an administrative hearing with respondent until June 18, 2001. After concluding that petitioner had failed to file his request for an administrative hearing within the 30-day period prescribed in section 6330(a)(2) and (a)(3)(B), the Appeals officer informed petitioner that petitioner would be offered an equivalent hearing as opposed to the administrative hearing contemplated by section 6330. See Craig v. Commissioner, 119 T.C. 252, 258 (2002) (describing the genesis for equivalent hearings). Following the hearing, the Appeals Office issued to petitioner a decision letter stating that the proposed collection actions were appropriate.

Respondent cites Kennedy v. Commissioner, 116 T.C. 255 (2001), in support of his motion to dismiss that part of the petition challenging the decision letter dated July 12, 2002. In Kennedy v. Commissioner, supra, we held, under similar circumstances, that a decision letter issued by an Appeals Office

following an equivalent hearing did not constitute a notice of determination under section 6330(d), and, therefore, the decision letter did not provide a basis for the taxpayer to invoke this Court's jurisdiction. See Moorhous v. Commissioner, 116 T.C. 263, 270-271 (2001).

Petitioner concedes in his petition that his request for an administrative hearing was not filed with respondent within the 30-day period prescribed in section 6330(a). Petitioner nevertheless contends that the Appeals Office erred in conducting an equivalent hearing, as opposed to an administrative hearing under section 6330, on the ground the final notice of intent to levy was invalid because it was not signed by the Secretary or an authorized delegate. We disagree.

It is well settled that the Secretary or his delegate (including the Commissioner) may issue a notice required by section 6320 or a final notice of intent to levy. Secs. 6320(a), 6330(a), 7701(a)(11)(B) and (12)(A)(i), 7803(a)(2); see Craig v. Commissioner, 119 T.C. 252, 263 (2002); Wilson v. Commissioner, T.C. Memo. 2002-242; secs. 301.6320-1(a)(1), 301.6330-1(a)(1), 301.7701-9, Proced. & Admin. Regs. The Commissioner's authority to file a notice of Federal tax lien and/or issue a final notice of intent to levy has been delegated to a host of Internal Revenue Service personnel, including (in the case of Federal tax liens) various managers responsible for collection matters and

GS-9 and above revenue officers and (in the case of levies on property in the hands of third parties) GS-9 and above revenue officers.  See Delegation Order No. 191 (Rev. 2; Oct. 1, 1999) (Rev. 3; June 11, 2001), pertaining to levies; Delegation Order No. 196 (Rev. 4; Oct. 4, 2000), pertaining to liens.  Consistent with these delegations of authority, the Notice of Federal Tax Lien and the notice required by section 6320, which were initiated by Revenue Officer John Stetsko and authorized by Acting Technical Support Group Manager Brenda McCullough, and the final notice of intent to levy, which was issued by Revenue Officer Stetsko, are valid.  Finally, in connection with the foregoing, we observe that there is no statutory requirement that a final notice of intent to levy be signed.  Cf. Pendola v. Commissioner, 50 T.C. 509, 513-514 (1968) (a notice of deficiency need not be signed in order to be valid); Fox v. Commissioner, T.C. Memo. 1993-277 n.4 (same), affd. without published opinion 69 F.3d 543 (9th Cir. 1995); Elmore v. Commissioner, T.C. Memo. 2003-123 (same for notice of determination to proceed with levy).

Consistent with the preceding discussion, we conclude that we lack jurisdiction in this case for the reasons set forth in respondent's motion to dismiss, as supplemented.

In order to give effect to the foregoing,

<u>An order granting respondent's motion to dismiss for lack of jurisdiction, as supplemented</u>, <u>will be entered.</u>