T.C. Memo. 2004-233

UNITED STATES TAX COURT

LUCINDA A. YAZZIE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15422-03L.          Filed October 13, 2004.

P filed a petition for judicial review pursuant to
sec. 6330, I.R.C., in response to a determination by R
that levy action was appropriate.

<u>Held</u>:  Because P has advanced solely groundless
complaints in dispute of the notice of intent to levy,
R's determination to proceed with collection action is
sustained.

<u>Held</u>, <u>further</u>, damages under sec. 6673, I.R.C.,
are due from P and are awarded to the United States in
the amount of $2,000.

Lucinda A. Yazzie, pro se.

<u>Stephen S. Ash</u>, for respondent.

MEMORANDUM OPINION

WHERRY, Judge:  This case is before the Court on respondent's motion for summary judgment pursuant to Rule 121 and to impose a penalty under section 6673.[1]  The instant proceeding arises from a petition for judicial review filed in response to a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330.  The issues for decision are: (1) Whether respondent may proceed with collection action as so determined, and (2) whether the Court should impose a penalty under section 6673.

## Background

Petitioner filed a Federal income tax return for the 1999 taxable year reporting zero liability.  Respondent issued to petitioner a statutory notice of deficiency for 1999 on January 18, 2002.  Respondent determined a deficiency of $10,380 and an accuracy-related penalty under section 6662(a) in the amount of $594.  Petitioner responded to the notice on February 20, 2002, with a letter acknowledging her receipt of the notice and her right to file a petition with the Tax Court but stating, inter alia:  "Before I file, pay, or do anything with respect to your 'Notice,' I must first establish whether or not it was sent

_____

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

pursuant to law, whether or not it has the 'force and effect of law,' and whether you had any authority to send me the notice in this first place."  Also on February 20, 2002, and again in connection with her receipt of the notice, petitioner sent letters espousing her position that no law established liability for income taxes or required her to file a return to various Government officials, including Charles O. Rossotti, Commissioner of the Internal Revenue Service (IRS), Paul O'Neil, Secretary of the Treasury, and Congressman Jon Kyl of Arizona.

Petitioner at no time petitioned this Court for redetermination of the deficiency and penalty reflected in the notice.  Respondent assessed tax, penalty, and interest amounts due for 1999 on July 22, 2002, and sent a notice of balance due on that date.

On December 21, 2002, respondent issued to petitioner a Final Notice of Intent To Levy and Notice of Your Right To a Hearing with respect to her unpaid liabilities for 1999. Petitioner timely submitted to respondent a Form 12153, Request for a Collection Due Process Hearing, with multiple attachments, setting forth her disagreement with the proposed levy.  On the Form 12153 itself petitioner wrote:  "I do not owe taxes.  I am not liable to pay taxes."  Through the attachments to the Form 12153, petitioner disputed the validity of, and requested that the Appeals officer have at the hearing copies of documents

pertaining to, among other things, the underlying tax liability, the assessment, the notice and demand for payment, and the verification from the Secretary that the requirements of any applicable law or procedure had been met. The attachments also include the following statement: "This is also to remind you that I will be tape recording the CDP hearing. I will also have a court reporter."

Settlement Officer Angela M. Carmouche (Ms. Carmouche), of the IRS Office of Appeals in Phoenix, Arizona, sent petitioner a letter dated June 1, 2003, scheduling a hearing for June 26, 2003. The letter briefly outlined the hearing process, advised that audio or stenographic recording of hearings was not allowed, and explained the circumstances in which challenges to the underlying liability would be barred by section 6330(c)(2)(B). The letter also warned petitioner with respect to frivolous arguments and sanctions therefor, citing pertinent cases and administrative materials. Ms. Carmouche enclosed with the letter copies of Form 4340, Certificate of Assessments, Payments and Other Specified Matters, for 1999; of Pierson v. Commissioner, 115 T.C. 576 (2000); and of Davis v. Commissioner, 115 T.C. 35 (2000).

At the request of petitioner, the hearing was subsequently rescheduled for July 25, 2003, and a face-to-face conference between petitioner and Ms. Carmouche was held on that date.

Following the hearing, respondent on August 14, 2003, issued to petitioner the aforementioned Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, sustaining the proposed levy action. An attachment to the notice addressed the verification of legal and procedural requirements, the issues raised by the taxpayer, and the balancing of efficient collection and intrusiveness. The attachment also described what took place at the hearing, as follows:

> On July 25, 2003, Appeals held a conference with the taxpayer. Appeals explained the Collections Due Process proceeding, including further litigation rights, and clarified that this hearing related to the 1999 Form 1040. The taxpayer stated that she filed a zero tax return. She wanted verification from the Secretary that she is liable for taxes and that the persons [sic] who signed the Statutory Notice of Deficiency was delegated to do so. She questioned the "Notice and Demand" and wanted to know if it was computer-generated or a form that you could get from a shelf. She questioned the delegation order for the individual who signed Form 4340. She indicated that she would be willing to sit down and discuss collection alternatives, but only when it is established that she owes a liability. Appeals' policy of not allowing recording of conferences was also discussed. She was told that the policy is being reviewed in light of recent court decisions, but the policy as of July 25th was the [sic] ban recording. The taxpayer was given an information sheet on how to make a Freedom of Information request. Appeals confirmed that she received Form 4340 and the court cases that were sent. The taxpayer was warned of the courts issuing sanctions again. Appeals also confirmed that she didn't want to discuss collection alternatives at this point.
>
> The issues raised by the taxpayer had no merit. She acknowledged that she received the Statutory Notice of Deficiency and stated why she didn't pursue her Tax Court rights then. She didn't raise any specific defect with the assessment process. She didn't want to

discuss collection alternatives unless her liability
was proven to her.

Petitioner's petition disputing the notice of determination was filed with the Court on September 9, 2003, and reflected an address in Window Rock, Arizona. Petitioner's complaints with respect to the administrative proceedings include the following: No legitimate hearing under section 6330 ever took place; petitioner was not permitted to record a hearing; petitioner was denied the opportunity to raise issues she deemed "relevant" (e.g., the "existence" of the underlying tax liability); and requested documentation was not produced (e.g., record of the assessments, statutory notice and demand for payment, any "valid notice of deficiency", various delegations of authority, and verification from the Secretary that all applicable requirements were met). Petitioner prays that this Court declare invalid the August 14, 2003, determination; order the IRS to hold the statutorily mandated "Collection Due Process Hearing"; order the IRS to have at the hearing all documents requested by petitioner; and order the Government to reimburse petitioner for all costs incurred in submitting the instant petition.[2]

After the pleadings were closed in this case, respondent filed the subject motion for summary judgment and to impose a

---

[2] The Court notes that to the extent that the petition seeks reasonable administrative and/or litigation costs pursuant to sec. 7430, any such claim is premature and will not be further addressed. See Rule 231.

penalty under section 6673. Petitioner was directed to file any response to respondent's motion on or before September 30, 2004.

## Discussion

Rule 121(a) allows a party to move "for a summary adjudication in the moving party's favor upon all or any part of the legal issues in controversy." Rule 121(b) directs that a decision on such a motion shall be rendered "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law."

The moving party bears the burden of demonstrating that no genuine issue of material fact exists and that he or she is entitled to judgment as a matter of law. Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). Facts are viewed in the light most favorable to the nonmoving party. Id. However, where a motion for summary judgment has been properly made and supported by the moving party, the opposing party may not rest upon mere allegations or denials contained in that party's pleadings but must by affidavits or otherwise set forth specific facts showing that there is a genuine issue for trial. Rule 121(d).

I.  Collection Actions

    A.  <u>General Rules</u>

Section 6331(a) authorizes the Commissioner to levy upon all property and rights to property of a taxpayer where there exists a failure to pay any tax liability within 10 days after notice and demand for payment.  Sections 6331(d) and 6330 then set forth procedures generally applicable to afford protections for taxpayers in such levy situations.  Section 6331(d) establishes the requirement that a person be provided with at least 30 days' prior written notice of the Commissioner's intent to levy before collection may proceed.  Section 6331(d) also indicates that this notification should include a statement of available administrative appeals.  Section 6330(a) expands in several respects upon the premise of section 6331(d), forbidding collection by levy until the taxpayer has received notice of the opportunity for administrative review of the matter in the form of a hearing before the IRS Office of Appeals.  Section 6330(b) grants a taxpayer who so requests the right to a fair hearing before an impartial Appeals officer.

Section 6330(c) addresses the matters to be considered at the hearing:

> SEC. 6330(c).  Matters Considered at Hearing.--In the case of any hearing conducted under this section--
>
> > (1) Requirement of investigation.--The appeals officer shall at the hearing obtain verification from the Secretary that the

requirements of any applicable law or administrative procedure have been met.

    (2) Issues at hearing.--

        (A) In general.--The person may raise at the hearing any relevant issue relating to the unpaid tax or the proposed levy, including--

            (i) appropriate spousal defenses;

            (ii) challenges to the appropriateness of collection actions; and

            (iii) offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise.

        (B) Underlying liability.--The person may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability.

Once the Appeals officer has issued a determination regarding the disputed collection action, section 6330(d) allows the taxpayer to seek judicial review in the Tax Court or a District Court, depending upon the type of tax.  In considering whether taxpayers are entitled to any relief from the Commissioner's determination, this Court has established the following standard of review:

    where the validity of the underlying tax liability is properly at issue, the Court will review the matter on a de novo basis.  However, where the validity of the

underlying tax liability is not properly at issue, the Court will review the Commissioner's administrative determination for abuse of discretion. [Sego v. Commissioner, 114 T.C. 604, 610 (2000).]

B.  Analysis

1.  Appeals Hearing

The petition emphasizes petitioner's claim that she was denied the collection hearing to which she was entitled and seeks a remand to Appeals in order to allow a conference to be held. Relevant caselaw precedent and regulatory authority, however, indicate that the circumstances here do not render remand appropriate.

Hearings conducted under section 6330 are informal proceedings, not formal adjudications.  Katz v. Commmissioner, 115 T.C. 329, 337 (2000); Davis v. Commissioner, 115 T.C. at 41 There exists no right to subpoena witnesses or documents in connection with section 6330 hearings.  Roberts v. Commissioner, 118 T.C. 365, 372 (2002), affd. 329 F.3d 1224 (11th Cir. 2003); Nestor v. Commissioner, 118 T.C. 162, 166-167 (2002); Davis v. Commissioner, supra at 41-42.  Taxpayers are entitled to be offered a face-to-face hearing at the Appeals Office nearest their residence.  Where the taxpayer declines to participate in a proffered face-to-face hearing, hearings may also be conducted telephonically or by correspondence.  Katz v. Commissioner, supra at 337-338; Dorra v. Commissioner, T.C. Memo. 2004-16; sec. 301.6330-1(d)(2), Q&A-D6 and D7, Proced. & Admin. Regs.

Furthermore, once a taxpayer has been given a reasonable opportunity for a hearing but has failed to avail himself or herself of that opportunity, we have approved the making of a determination to proceed with collection based on the Appeals officer's review of the case file.  See, e.g., <u>Taylor v. Commissioner</u>, T.C. Memo. 2004-25; <u>Leineweber v. Commissioner</u>, T.C. Memo. 2004-17; <u>Armstrong v. Commissioner</u>, T.C. Memo. 2002-224; <u>Gougler v. Commissioner</u>, T.C. Memo. 2002-185; <u>Mann v. Commissioner</u>, T.C. Memo. 2002-48.  Thus, a face-to-face meeting is not invariably required.

Regulations promulgated under section 6330 likewise incorporate many of the foregoing concepts, as follows:

> Q-D6.  How are CDP hearings conducted?

> A-D6.  * * * CDP hearings * * * are informal in nature and do not require the Appeals officer or employee and the taxpayer, or the taxpayer's representative, to hold a face-to-face meeting.  A CDP hearing may, but is not required to, consist of a face-to-face meeting, one or more written or oral communications between an Appeals officer or employee and the taxpayer or the taxpayer's representative, or some combination thereof. * * *

> Q-D7.  If a taxpayer wants a face-to-face CDP hearing, where will it be held?

> A-D7.  The taxpayer must be offered an opportunity for a hearing at the Appeals office closest to taxpayer's residence or, in the case of a business taxpayer, the taxpayer's principal place of business. If that is not satisfactory to the taxpayer, the taxpayer will be given an opportunity for a hearing by correspondence or by telephone.  If that is not satisfactory to the taxpayer, the Appeals officer or employee will review the taxpayer's request for a CDP

hearing, the case file, any other written communications from the taxpayer (including written communications, if any, submitted in connection with the CDP hearing), and any notes of any oral communications with the taxpayer or the taxpayer's representative. Under such circumstances, review of those documents will constitute the CDP hearing for the purposes of section 6330(b). [Sec. 301.6330-1(d)(2), Q&A-D6 and D7, Proced. & Admin. Regs.]

This Court has cited the above regulatory provisions with approval. See, e.g., Taylor v. Commissioner, supra; Leineweber v. Commissioner, supra; Dorra v. Commissioner, supra; Gougler v. Commissioner, supra.

With respect to the instant matter, the record reflects that petitioner and Ms. Carmouche participated in a face-to-face hearing on July 25, 2003. As regards petitioner's complaints concerning recording, on July 8, 2003, this Court issued Keene v. Commissioner, 121 T.C. 8, 19 (2003), in which it was held that taxpayers are entitled, pursuant to section 7521(a)(1), to audio record section 6330 hearings. The taxpayer in that case had refused to proceed when denied the opportunity to record, and we remanded the case to allow a recorded Appeals hearing. Id.

In contrast, we have distinguished, and declined to remand, cases where the taxpayer had participated in an Appeals Office hearing, albeit unrecorded, and where all issues raised by the taxpayer could be properly decided from the existing record. E.g., id. at 19-20; Frey v. Commissioner, T.C. Memo. 2004-87; Durrenberger v. Commissioner, T.C. Memo. 2004-44; Brashear v.

Commissioner, T.C. Memo. 2003-196; Kemper v. Commissioner, T.C. Memo. 2003-195.  Stated otherwise, cases will not be remanded to Appeals, nor determinations otherwise invalidated, merely on account of the lack of a recording when to do so is not necessary and would not be productive.  See, e.g., Frey v. Commissioner, supra; Durrenberger v. Commissioner, supra; Brashear v. Commissioner, supra; Kemper v. Commissioner, supra; see also Lunsford v. Commissioner, 117 T.C. 183, 189 (2001).

A principal scenario falling short of the necessary or productive standard exists where the taxpayers rely on frivolous or groundless arguments consistently rejected by this and other courts.  See, e.g., Frey v. Commissioner, supra; Brashear v. Commissioner, supra; Kemper v. Commissioner, supra.  Here, because the contentions advanced by petitioner throughout the administrative process and before the Court are of this nature, and because petitioner in fact received an in-person conference, this case is closely analogous to those just cited.  The record does not indicate that any purpose would be served by remand.  The Court concludes that all pertinent issues relating to the propriety of the collection determination can be decided through review of the materials before it.

### 2. Review of Underlying Liabilities

A statutory notice of deficiency for 1999 was issued to petitioner, and communications from petitioner reference the

notice, making clear that this document was received. To the extent that petitioner has argued that she should nonetheless be entitled to challenge her underlying liabilities on grounds that the notice was invalid, due to a lack of a delegation of authority from the Secretary to the individual at the Ogden Service Center signing the notices, this contention is without merit.

The Secretary or his delegate may issue notices of deficiency. Secs. 6212(a), 7701(a)(11)(B) and (12)(A)(i). The Secretary's authority in this matter has been delegated to District Directors and Directors of Service Centers, and may in turn be redelegated to officers or employees under the supervision of such persons. Secs. 301.6212-1(a), 301.7701-9(b) and (c), Proced. & Admin. Regs.; see also Nestor v. Commissioner, 118 T.C. at 165.

Hence, because petitioner received a valid notice of deficiency and did not timely petition for redetermination, she is precluded under section 6330(c)(2)(B) from disputing her underlying tax liabilities in this proceeding. Her remaining contentions generally challenging the "existence" of any statute imposing or requiring her to pay income tax warrant no further comment. See Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984) ("We perceive no need to refute these arguments with

somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit.").

### 3. Review for Abuse of Discretion

Petitioner has also made various arguments relating to aspects of the assessment and collection procedures that we review for abuse of discretion. Action constitutes an abuse of discretion under this standard where arbitrary, capricious, or without sound basis in fact or law. Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

As a threshold matter, we point out that petitioner's demands and allegations regarding the authority of the individual issuing the notice of intent to levy are meritless for reasons substantially identical to those just discussed in connection with the notice of deficiency. The Secretary or his delegate (including the Commissioner) may issue collection notices, and authority to so issue notices regarding liens and to levy upon property has in turn been delegated to a host of pertinent collection and compliance personnel. Secs. 6320(a), 6330(a), 7701(a)(11)(B) and 12(A)(i), 7803(a)(2); secs. 301.6320-1(a)(1), 301.6330-1(a)(1), Proced. & Admin. Regs.; Delegation Order No. 191 (Rev. 3; June 11, 2001); Delegation Order No. 196 (Rev. 4; Oct. 4, 2000); see also Craig v. Commissioner, 119 T.C. 252, 263 (2002); Everman v. Commissioner, T.C. Memo. 2003-137. Additionally, we note that there exists no statutory requirement

that such collection notices be signed.  <u>Everman v. Commissioner</u>,

<u>supra</u>.

Federal tax assessments are formally recorded on a record of

assessment in accordance with section 6203.  The Commissioner is

not required to use Form 23C in making an assessment.  <u>Roberts v.</u>

<u>Commissioner</u>, 118 T.C. at 369-371.  Furthermore, section

6330(c)(1) mandates neither that the Appeals officer rely on a

particular document in satisfying the verification requirement

nor that the Appeals officer actually give the taxpayer a copy of

the verification upon which he or she relied.  <u>Craig v.</u>

<u>Commissioner</u>, <u>supra</u> at 262; <u>Nestor v. Commissioner</u>, <u>supra</u> at 166.

A Form 4340, for instance, constitutes presumptive evidence

that a tax has been validly assessed pursuant to section 6203.

<u>Davis v. Commissioner</u>, 115 T.C. at 40 (and cases cited threat).

Consequently, absent a showing by the taxpayer of some

irregularity in the assessment procedure that would raise a

question about the validity of the assessments, a Form 4340

reflecting that tax liabilities were assessed and remain unpaid

is sufficient to support collection action under section 6330.

<u>Id.</u> at 40-41.  We have specifically held that it is not an abuse

of discretion for an Appeals officer to rely on Form 4340, <u>Nestor</u>

<u>v. Commissioner</u>, <u>supra</u> at 166; <u>Davis v. Commissioner</u>, <u>supra</u> at

41, or a computer transcript of account, <u>Schroeder v.</u>

<u>Commissioner</u>, T.C. Memo. 2002-190; <u>Mann v. Commissioner</u>, T.C. Memo. 2002-48, to comply with section 6330(c)(1).

Here, the record contains a Form 4340 for 1999, dated April 21, 2003, indicating that assessments were made for the year and that taxes remain unpaid. Petitioner has cited no irregularities that would cast doubt on the information recorded thereon.

In addition to the specific dictates of section 6330, the Secretary, upon request, is directed to furnish to the taxpayer a copy of pertinent parts of the record of assessment setting forth the taxpayer's name, the date of assessment, the character of the liability assessed, the taxable period, if applicable, and the amounts assessed. Sec. 6203; sec. 301.6203-1, Proced. & Admin. Regs. A taxpayer receiving a copy of Form 4340 has been provided with all the documentation to which he or she is entitled under section 6203 and section 301.6203-1, Proced. & Admin. Regs. <u>Roberts v. Commissioner</u>, <u>supra</u> at 370 n.7. This Court likewise has upheld collection action where taxpayers were provided with literal transcripts of account (so-called MFTRAX). See, e.g., <u>Frank v. Commissioner</u>, T.C. Memo. 2003-88; <u>Swann v. Commissioner</u>, T.C. Memo. 2003-70. The June 1, 2003, letter to petitioner from Ms. Carmouche enclosed a copy of Form 4340.

Furthermore, arguments similar to petitioner's statements concerning copies of the tax returns from which assessments were made have been summarily rejected. See, e.g., <u>Bethea v.</u>

Commissioner, T.C. Memo. 2003-278; Fink v. Commissioner, T.C. Memo. 2003-61.  The Court concludes that petitioner's complaints regarding the assessments and verification are meritless.

Petitioner has denied receiving the notice and demand for payment that section 6303(a) establishes should be given within 60 days of the making of an assessment.  However, a notice of balance due constitutes a notice and demand for payment within the meaning of section 6303(a).  Craig v. Commissioner, supra at 262-263.  The Form 4340 indicates that petitioner was sent such a notice of balance due for the tax year involved.

Petitioner has also attempted to raise section 7401 as a defense.  Section 7401 directs that no civil action for, inter alia, collection or recovery of taxes shall be commenced unless authorized or sanctioned by the Secretary, and the Attorney General or his delegate directs that the action be commenced.  This section has no bearing on the instant proceeding in that the filing of a notice of Federal tax lien under section 6323 and the levying upon property under section 6331 are administrative actions that do not necessitate the institution of a civil suit.

Thus, with respect to those issues enumerated in section 6330(c)(2)(A) and subject to review in collection proceedings for abuse of discretion, petitioner has not raised any spousal defenses, valid challenges to the appropriateness of the collection action, or collection alternatives.  As this Court has

noted in earlier cases, Rule 331(b)(4) states that a petition for review of a collection action shall contain clear and concise assignments of each and every error alleged to have been committed in the notice of determination and that any issue not raised in the assignments of error shall be deemed conceded. See Lunsford v. Commissioner, 117 T.C. at 185-186; Goza v. Commissioner, 114 T.C. 176, 183 (2000). For completeness, we have addressed various points advanced by petitioner during the administrative process, but the items listed in section 6330(c)(2)(A) were not pursued even during those proceedings. Accordingly, the Court concludes that respondent's determination to proceed with collection of petitioner's tax liabilities was not an abuse of discretion.

II. Section 6673 Penalty

Section 6673(a)(1) authorizes the Court to require the taxpayer to pay a penalty not in excess of $25,000 when it appears to the Court that, inter alia, proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless. In Pierson v. Commissioner, 115 T.C. at 581, the Court warned that taxpayers abusing the protections afforded by sections 6320 and 6330 through the bringing of dilatory or frivolous lien or levy actions will face sanctions under section 6673. The Court has since repeatedly disposed of cases premised

on arguments akin to those raised herein summarily and with imposition of the section 6673 penalty. See, e.g., <u>Craig v. Commissioner</u>, 119 T.C. at 264-265 (and cases cited threat).

With respect to the instant matter, we are convinced that petitioner instituted this proceeding primarily for delay. Throughout the administrative and pretrial process, petitioner advanced contentions and demands previously and consistently rejected by this and other courts. She submitted lengthy communications quoting, citing, using out of context, and otherwise misapplying portions of the Internal Revenue Code, regulations, court decisions, and other authorities. Moreover, petitioner was, before this case was filed, explicitly alerted to <u>Pierson v. Commisssioner</u>, <u>supra</u>, and use of sanctions in analogous situations.

Hence, petitioner received fair warning but has persisted in frivolously disputing respondent's determination. The Court concludes that a penalty of $2,000 should be awarded to the United States in this case. To reflect the foregoing,

<u>An appropriate order</u>

<u>granting respondent's motion</u>

<u>and decision for respondent</u>

<u>will be entered</u>.