T.C. Memo. 2007-262

UNITED STATES TAX COURT

JOHN O. GREEN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3885-05.                    Filed August 30, 2007.

John O. Green, pro se.

<u>W. Lance Stodghill</u>, for respondent.

MEMORANDUM OPINION

HALPERN, <u>Judge</u>:  Respondent has determined a deficiency in,
and additions to, petitioner's 2001 Federal income tax as
follows:

| | Additions to Tax | | |
|---|---|---|---|
| <u>Deficiency</u> | <u>Sec. 6651(a)(1)</u> | <u>Sec. 6651(a)(2)</u> | <u>Sec. 6654(a)</u> |
| $8,624 | $1,861.42 | $1,199.58 | $325.82 |

Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended and in effect for 2001, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent concedes the section 6651(a)(2) addition to tax of $1,199.58, and we accept that concession. Petitioner's principal defense to the deficiency and the remaining additions to tax is that the Court lacks jurisdiction to hear this case. If we should decide that issue adversely to him, petitioner's fallback position is that no "presumption of correctness" attaches to respondent's determinations. Petitioner also disputes the remaining additions to tax.

## Background

This case was called from the calendar of the Court at the commencement of the Court's trial session beginning at 10 a.m. on December 12, 2005, in the Casey U.S. Courthouse, 515 Rusk Ave., Houston, Texas. It was set for trial at 2 p.m. on that day. At the call of the calendar, we received and filed petitioner's motion to dismiss for lack of jurisdiction (the motion to dismiss). The motion to dismiss consists of some 15 pages, and it is supported by 10 exhibits, consisting of an additional 27 pages. At the start of the trial, we received respondent's oral objection to the motion to dismiss. We denied the motion to dismiss, informing petitioner that we were doing so because we

had not had adequate time to address the motion before trial.  We invited petitioner to offer during the trial any evidence that supported his claim that we lacked jurisdiction and to argue the merits of the claim on brief.  Petitioner rested his case without testifying, calling any witnesses, or offering any evidence at all.

Respondent called no witnesses but did offer into evidence certified transcripts of account of the Forms 1040, U.S. Individual Income Tax Return for petitioner for his tax years ending December 31, 2000 and 2001 (the transcripts of account). The Court overruled petitioner's relevancy objections and instructed the parties to address on brief petitioner's argument that the transcripts of account had not been shown to be authentic because, although they were accompanied by certificates under seal and signed (the certificates), the certificates did not bear any date.

Petitioner filed a petition and an amended petition.  At the time he filed the amended petition, petitioner's mailing address was in Spring, Texas.  Petitioner, although proceeding pro se, is an attorney admitted to practice before this court.

Attached to the petition is a copy of what petitioner describes in the petition as an "alleged" notice issued by the Internal Revenue Service (IRS) for 2001.  The attachment is a two-page letter dated November 29, 2004 (the November 29 letter),

addressed to petitioner, stating that it is a notice of deficiency, and setting forth (1) a deficiency in income tax of $8,624 for 2001 and (2) additions to tax for that year of $1,861.42 under section 6651(a)(1), $1,199.58 under section 6651(a)(2), and $325.82 under section 6654(a). The November 29 letter is signed by Lynne Walsh, Field Director, Compliance Services, Brookhaven Service Center.

Attached to the amended petition as exhibit A is a document that consists of the first page of the November 29 letter and four additional pages (the four additional pages), including a two-page "Tax Calculation Summary". That summary shows, among other things, how the $8,624 deficiency in income tax was calculated, that petitioner was classified as a "non-filer", and the sources, kinds, and amounts of income that were reported to the IRS by payers and taken into account by it in determining petitioner's income and the deficiency. Those sources and the associated kinds and amounts of income are as follows: (1) Texas Department of Criminal Justice, wages, $21,475; (2) Bloodworth & Green, from Schedule K-1, Partner's Share of Income, Deductions, Credits, etc., $26,723; and (3) Harris County Federal Credit Union, interest, $138. Hereafter, we shall use the term "notice" to refer collectively to the November 29 letter and the four additional pages.

## Discussion

### I.  Introduction

Although in the petition and amended petition petitioner assigns numerous errors to respondent's determinations and makes various averments in support thereof, on brief petitioner states the nature of the controversy between him and respondent to be the jurisdiction of the Court "on the points raised in Petitioner's Motion to Dismiss."  He describes the issues to be decided as whether (1) "the Court has jurisdiction to decide this matter" (we assume respondent's determinations), and (2) if we determine we do have jurisdiction, respondent has "lost the presumption of correctness."  He also claims that he is not liable for the remaining additions to tax.  We shall address those issues.  We deem petitioner to have abandoned any other errors he assigned.  See Mendes v. Commissioner, 121 T.C. 308, 312-313 (2003) ("If an argument is not pursued on brief, we may conclude that it has been abandoned.").

### II.  Jurisdiction

#### A.  Introduction

We have subject matter jurisdiction to redetermine a deficiency if the Commissioner has issued a valid notice of deficiency and the taxpayer has timely filed a petition.  Secs. 6212 and 6213; Rules 13, 20; e.g., Monge v. Commissioner, 93 T.C. 22, 27 (1989).  Because petitioner timely filed the petition,

the sole jurisdictional issue is whether respondent issued a valid notice of deficiency. Petitioner has presented no evidence that the notice is invalid, and, as set forth below, petitioner's attacks on the notice are without merit. Contrary to the order of the Court, petitioner did not file an opening brief. Respondent did file an opening brief, and, in that brief, he addresses the arguments that he believes were clearly raised by petitioner. Petitioner filed an answering brief, and, in that brief, directed his arguments to the points respondent raised. We assume that those points define the dispute between the parties. See Mendes v. Commissioner, supra.

B. The Legal Sufficiency of the Notice

Petitioner contests the sufficiency of the notice. For the Secretary to issue a notice of deficiency, section 6212 requires that he determine a deficiency, send notice of that deficiency to the taxpayer's last known address, include with that notice notice of the taxpayer's right to contact the local office of the taxpayer advocate, and provide the taxpayer with contact information for that office. Section 7522(a) provides that the notice of deficiency "shall describe the basis for, and identify the amounts (if any) of, the tax due, interest, additional amounts, additions to the tax, and assessable penalties included in such notice." The section further provides: "An inadequate description under the preceding sentence shall not invalidate

such notice." We have said: "'[T]he notice is only to advise the person who is to pay the deficiency that the Commissioner means to assess him; anything that does this unequivocally is good enough.'" Jarvis v. Commissioner, 78 T.C. 646, 655-656 (1982) (quoting Olsen v. Helvering, 88 F.2d 650, 651 (2d Cir. 1937)). We have examined the notice, and we find that it is sufficient.

C.  Return Requirement

Petitioner insists that a deficiency in tax can be determined only on the basis of a return of tax (either made by the taxpayer or prepared by the Secretary. See sec. 6020(b).). Petitioner is wrong. No return is necessary to determine a deficiency. E.g., Roat v. Commissioner, 847 F.2d 1379, 1381-1382 (9th Cir. 1988); Clark v. Campbell, 501 F.2d 108, 117 (5th Cir. 1974) ("the Service may determine a deficiency in the absence of a return").

D.  Authority To Sign the Notice

Petitioner challenges the authority of Lynne Walsh to sign the November 29 letter. It is well settled that the Secretary or his delegate may issue notices of deficiency. Secs. 6212(a), 7701(a)(11)(B) and (12)(A)(i) (allowing redelegations of that authority); e.g., Everman v. Commissioner, T.C. Memo. 2003-137. Delegation Order 4-8, set forth at Internal Revenue Manual (IRM) sec. 1.2.43.2, delegates authority to issue notices of deficiency

to, among others, "Wage & Investment * * * Directors: * * * Field Compliance Services".  Lynne Walsh, Field Director, Compliance Services, Brookhaven Service Center, was a proper delegate of the Secretary to issue (sign) the notice.  Furthermore, there is no requirement that a notice of deficiency be signed.  E.g., <u>Pendola v. Commissioner</u>, 50 T.C. 509, 513-514 (1968).

E.   <u>Withdrawal of the Notice</u>

Petitioner argues that the notice was withdrawn "because it was processed in error".  To support that claim, petitioner asks the Court to examine entries in a transcript of his individual master file (the transcript or the IMF, as appropriate) that he states he obtained from the IRS pursuant to a Freedom of Information Act request.  Although respondent describes the transcript as an unauthenticated document that petitioner failed to introduce into evidence, he meets petitioner's argument with respect to the transcript head on.  We assume, therefore, that respondent accepts the authenticity of the transcript and has waived his argument that petitioner did not introduce it into evidence.

An IMF is a file maintained by the IRS that contains coded information relevant to the tax status of an individual.  <u>United States v. Buford</u>, 889 F.2d 1406, 1407 n.1 (5th Cir. 1989).  In order to decipher the coded information, a code book is needed.  <u>Id.</u> at 1407.  There appear to be two relevant entries on the

transcript: (1) Code 494, "90 Day Statutory Notice of Deficiency Issued", processing date: Nov. 16, 2004, and (2) code 495, "90 Day Notice Processed in Error", processing date: Mar. 14, 2005. Petitioner has failed to provide us with a code book to interpret those entries. Nevertheless, petitioner argues that the purpose of the second entry "is patently clear – the purported notice of deficiency was withdrawn because it was 'processed in error'".

Respondent argues that petitioner misunderstands the coded entries and their shorthand explanations. Respondent argues:

> The Transaction Code Pocket Guide, Document 11734 (Rev. 6-2004), more fully describes TC 495 as "Closure of TC 494[2] or correction of TC 494 processed in error." Hence, TC 495 is not used solely to withdraw a notice processed in error. Indeed, IRM sec. 4.19.2.2.15(3)(b) instructs tax examiners to utilize TC 495 to reverse TC 494 prior to routing newly docketed Tax Court cases to the Appeals Function. Thus, the presence of TC 495 does not mean that a notice of deficiency has been withdrawn.
>
> [2] Transaction Code 494 denotes the issuance of a notice of deficiency. See Transactions Code Pocket Guide, Document 11734 (Rev. 6-2004).

We accept that an IMF contains coded information. Without evidence as to the meaning of that information, however, we are unable to find that the entry petitioner relies on indicates that the notice was withdrawn. Petitioner bears the burden of proof. See Rule 142(a). Petitioner declined to offer any evidence. Petitioner has failed to carry his burden of proving that the notice was withdrawn.

Finally, petitioner has cited no authority that a notice of deficiency can be withdrawn. The Internal Revenue Code allows for a notice of deficiency to be rescinded in certain limited circumstances. See sec. 6212(d). None of the circumstances apply in this case.

## III. Presumption of Correctness

We often state as a general rule that the Commissioner's determination set forth in a notice of deficiency is presumed correct. E.g., Rozzano v. Commissioner, T.C. Memo. 2007-177. On brief, petitioner argues that the usual presumption of correctness is overcome in this case because "the evidence is unmistakably clear; the purported Notice of Deficiency was 'processed in error'". Petitioner cites no authority in support of that argument; moreover, petitioner's claim is fatally weakened by the same interpretive difficulty concerning the "processed in error" language that undermines his claim that the notice was withdrawn. Petitioner has failed to show that the usual presumption does not attach to the determinations in the notice.

## IV. Additions to Tax

### A. Section 6651(a)(1)

Section 6651(a)(1) provides for an addition to tax in the event a taxpayer fails to file a timely return (determined with regard to any extension of time for filing), unless it is shown

that such failure is due to reasonable cause and not due to willful neglect.  The amount of the addition is equal to 5 percent of the amount required to be shown as tax on the delinquent return for each month or fraction thereof during which the return remains delinquent, up to a maximum addition of 25 percent for returns more than 4 months delinquent.

    B.  <u>Section 6654</u>

    Section 6654 provides for an addition to tax in the event of an underpayment of a required installment of individual estimated tax.  Sec. 6654(a) and (b).  Each required installment is equal to 25 percent of the "required annual payment", which, in turn, is equal to the lesser of (1) 90 percent of the tax shown on the individual's return for that year or, if no return is filed, 90 percent of his or her tax for such year, or (2) if the individual filed a return for the immediately preceding taxable year, 100 percent of the tax shown on that return.  Sec. 6654(d)(1)(A) and (B)(i) and (ii).  The due dates of the required installments for a calendar taxable year are April 15, June 15, and September 15 of that year and January 15 of the following year.  Sec. 6654(c)(2).  An individual's tax, for purposes of section 6654, consists of income and self-employment tax determined before the application of any wage withholding credits which, under section 6654(g)(1), are treated as payment of estimated tax.  See sec. 6654(f).  Section 6654(e) provides certain specified exceptions

to the applicability of section 6654, none of which cover petitioner.

C.  Transcripts of Account

Respondent asks us to find from the transcripts of account that petitioner did not file an income tax return for 2001, he made no estimated tax payments for that year, and, ultimately, he is liable for the section 6651(a)(1) and 6654 additions to tax respondent determined.  Petitioner objects to the receipt of the transcripts of account into evidence on the ground that respondent failed to properly authenticate them, since the certificates accompanying them were not dated.

Domestic public records under seal are self-authenticating pursuant to rule 902(1) of the Federal Rules of Evidence, and that rule has no requirement that a date accompany the seal and signature required by the rule.  Petitioner offered no authority to the contrary, and we have found none.  We accept the transcripts of account as authentic.

D.  Burden of Production

Respondent bears the burden of production with respect to the section 6651(a)(1) and 6654 additions to tax.  See sec. 7491(c).  In order to carry that burden, respondent must produce sufficient evidence establishing that it is appropriate to impose the additions.  See Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).  Once respondent has done so, the burden of proof is upon

petitioner to show that respondent's determination of the additions is incorrect.  See id. at 447.

By the petition and the amended petition, petitioner as much as concedes that he filed no return for 2001.  The transcript of account confirms that he filed no return for 2001, and we so find.  Respondent has carried his burden of production, and petitioner has failed to prove that respondent's determination of the section 6651(a)(1) addition to tax is incorrect.  The transcripts of account also show that petitioner made no payments of estimated tax for 2001 and filed no return for 2000, and we so find.  Respondent has carried his burden of production, and petitioner has failed to prove that respondent's determination of the section 6654 addition to tax is incorrect.

V.   Section 6673(a)(1) Penalty

In pertinent part, section 6673(a)(1) provides a penalty of up to $25,000 if the taxpayer has instituted or maintained proceedings before the Tax Court primarily for delay or the taxpayer's position in the proceeding is frivolous or groundless. "The purpose of section 6673 is to compel taxpayers to think and to conform their conduct to settled principles before they file returns and litigate."  Takaba v. Commissioner, 119 T.C. 285, 295 (2002).  "A taxpayer's position is frivolous 'if it is contrary to established law and unsupported by a reasoned, colorable argument for [a] change in the law.'"  Id. at 287 (quoting

Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986)).  "'The inquiry is objective.  If a person should have known that his position is groundless, a court may and should impose sanctions.'"  Id.

Petitioner is a lawyer, admitted to practice before this court.  Nevertheless, his filings are studded with frivolous arguments and groundless claims, mostly abandoned in favor of his unsuccessful defense that we lack jurisdiction in this case.  For instance, in the petition, he makes the following claims:  He is a nonresident alien; he is not a citizen or resident of the United States; he has no income subject to taxation by the United States, and he has not withheld any moneys on behalf of any Federal entity, resident, nonresident person, or entity.  He adds that, if the United States proved that the source of his income was from a domestic corporation of the United States or is otherwise directly connected to doing business in the United States, then, since that would be new knowledge to him, it would warrant abatement of the penalty and interest on the tax due.  He claims that the Secretary failed to notify him

> that he was the recipient of "federal income" from a
> "U.S. Corporation" that was synonymous in scope to the
> "United States" [See 28 U.S.C. sec. 3002(15) (2000).]
> and, therefore, petitioner would be compelled to
> acknowledge that a "RETURN" of that income is required
> under the local laws of the District of Columbia, the
> IRC approved August 16, 1954, re-designated the IRC of
> 1986.

Attached to petitioner's declaration in support of the motion to dismiss is a copy of what he describes as a sworn statement that he sent to respondent on September 21, 2004, "rebutting purported 'wage' and 'income' assertions" by respondent.  In that statement, petitioner claims among other things:  "<u>I am a non-resident alien of the United States.  I am a citizen and resident of the State of Texas</u>".  Also:  "Since I am a non-resident alien of the United States, and the 'Texas Department of Criminal Justice' is not a federal entity or an entity who's situs is within a federal possession or territory, the money I may have received from this 'PAYER', as wages are not taxable income per the 'IRC'."

In the amended petition, petitioner makes additional, frivolous arguments and groundless claims; e.g., he is not required to file an income tax return because the form does not contain an Office of Management and Budget number, which petitioner believes is required on the form.  That is a familiar tax-protester argument rejected out of hand by the courts.  See, e.g., <u>United States v. Kerwin</u>, 945 F.2d 92 (5th Cir. 1991); <u>McDougall v. Commissioner</u>, T.C. Memo. 1992-683, affd. without published opinion 15 F.3d 1087 (9th Cir. 1993).

Petitioner has made frivolous arguments and groundless claims, and we can see no purpose for those arguments and claims other than to delay respondent's collection of taxes due and

owing.  On the premises stated, we shall require petitioner to pay a penalty to the United States pursuant to section 6673(a)(1) of $2,500.

VI.  Conclusion

Taking into account respondent's concession of the section 6651(a)(2) addition to tax,

An appropriate order and decision will be entered.